JOHN C. TERHUNE

*v.*

SAMUEL A. KEAN *et al.*

*Filed at Ottawa April 1, 1895.*

1. INSOLVENCY—*status of assigned property upon discontinuance of voluntary assignment.* Upon discontinuance of an assignment proceeding under section 15 of the act concerning voluntary assignments, the assigned estate reverts to the assignor, and must be treated as though no assignment had been made, each creditor standing upon the same footing of right to proceed against it as existed when the assignment was executed. *Howe* v. *Warren*, 154 Ill. 227, followed.

2. SAME—*order to convey to third person upon discontinuance, void.* Upon such discontinuance the court has no power to order the assignee to make an absolute conveyance of the assigned property

to a third person who has bought up a majority, in number and amount, of the claims, and such order is void as to all non-consenting creditors, though expressly assented to by the assignor who has transferred his interest in the property to such third person without consideration.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

BYRAM, WEINSCHENK & HIRSCHL, and ANDREW J. HIRSCHL, for appellant:

An irrevocable trust was created by the deed from Kean to Jacobs. The creditors became the *cestuis que trust.* 2 Lewin on Trusts, p. 664, chap. 208; 2 Pomeroy's Eq. Jur. sec. 994; *Gibson* v. *Rees,* 50 Ill. 383.

The assignee obtains the legal title. The creditors are the *cestuis que trust.* The debtor's right and power to pass the title to the assignee remain as they were before the statute was enacted. *Farwell* v. *Cohen,* 138 Ill. 216; *Hanchett* v. *Waterbury,* 115 id. 224; *Trust Co.* v. *Trumbull,* 137 id. 146; *Brennan* v. *Wilson,* 71 N. Y. 502; *Weber* v. *Mick,* 131 Ill. 534.

The creditors obtain a vested interest. *Bank* v. *Bank,* 94 Ill. 282; *Gibson* v. *Rees,* 50 id. 397; *Dwight* v. *Overton,* 32 Texas, 390; 110 Pa. St. 581.

The deed is a conveyance to the trustee, and not a mere power of attorney to him. *Graff's Estate,* 79 Pa. St. 146; *Woodward* v. *Brooks,* 128 Ill. 228; *Weber* v. *Mick,* 131 id. 533; *May* v. *Bank,* 122 id. 554.

Equity follows a trust estate into the hands of all persons taking the same without consideration. 3 Lewin on Trusts, 1051; 2 Pomeroy's Eq. Jur. secs. 627, 659, 770, 1044, 1048, 1080, p. 657; *McVey* v. *McQuality,* 97 Ill. 94.

A county court's jurisdiction over assigned estates, while it is being asserted, is not exclusive,—it is only concurrent. But it attaches first. *Hanchett* v. *Waterbury,* 115 Ill. 229.

Equity will enforce the trust created by an assignment deed. *Farwell* v. *Nilsson,* 133 Ill. 53; *Gibson* v. *Rees,*

50 id. 397; *Finley* v. *McConnell,* 60 id. 262; *Asay* v. *Allen,* 124 id. 391; *Field* v. *Ridgely,* 116 id. 432; 115 id. 229; *Paddock* v. *Stout,* 121 id. 582; *Freydendall* v. *Baldwin,* 103 id. 330; *Hexter* v. *Loughney,* 6 Gratt. 362; *Wilson* v. *Aaron,* 36 Ill. App. 582; *Lendaner* v. *Lang,* 29 id. 190; *Cohen* v. *Maurice,* 70 Ga. 313; *In re Farnam,* 75 N. Y. 187; *Lill* v. *Brant,* 1 Ill. App. 271.

A judgment is an estoppel only so far as it is based on the issues. *Chrisman* v. *Harmon,* 29 Gratt. 494; *Kitson* v. *Farwell,* 132 Ill. 339; *Bentley* v. *O'Bryan,* 111 id. 61; *Chicago* v. *Cameron,* 120 id. 447; *Lerance* v. *Platt,* 67 Miss. 183; *Cromwell* v. *Sac County,* 94 U. S. 357.

MORAN, KRAUS, MAYER & STEIN, JESSE A. BALDWIN, and P. S. GROSSCUP, for appellees:

Since the passage of the Voluntary Assignment law of 1877, the county court has general, full and complete jurisdiction in assignment matters, and its orders and decrees therein entered cannot be collaterally attacked. *Freydendall* v. *Baldwin,* 103 Ill. 329; *Hanchett* v. *Waterbury,* 115 id. 220; *Field* v. *Ridgely,* 116 id. 424; *Farwell* v. *Crandall,* 120 id. 70; *Preston* v. *Spaulding,* id. 232; *Hanford Oil Co.* v. *Bank,* 126 id. 584; *Wilson* v. *Aaron,* 132 id. 238; *Newlin* v. *Bailey,* 15 Ill. App. 199; *Mersinger* v. *Yager,* 16 id. 260; *Field* v. *Ridgely,* id. 56; *Stratton* v. *Tubb,* 8 id. 225; *Traver* v. *Rogers,* 16 id. 372; *Myers* v. *Deering,* 21 id. 58; *Colby* v. *O'Donnell,* 17 id. 473; *Boyden* v. *Frank,* 20 id. 169.

The decree of the county court discontinuing the insolvency proceedings and awarding other relief cannot be attacked collaterally for alleged fraud or irregularity practiced in the proceedings in which it was obtained. Black on Judgments, sec. 248; *Commonwealth* v. *Stacey,* 100 Pa. St. 613; *Wiley* v. *Pavey,* 61 Ind. 457; *Brown* v. *Insurance Co.* 86 Mo. 51; *Thornton* v. *Hogan,* 63 id. 143; *Chapman* v. *Brewer,* 114 U. S. 158; *Bank* v. *Rich,* 81 Maine, 164; *Humphreys* v. *Swett,* 31 id. 192.

GROSSCUP & WEAN, for appellee S. A. Kean.

Per CURIAM: The bill in this case sets up the same voluntary assignment, and subsequent proceedings and transactions, set forth in the bill in *Howe* v. *Warren*, 154 Ill. 227, and seeks the same relief there prayed for. (See opinion in that case.) It is true, allegations of fraud against Kean, Jacobs and Warren in procuring the order of the county court discontinuing the assignment proceedings were there made all of which do not appear in this bill, but those allegations are not of such controlling importance as to distinguish the cases in their substantial features.

We held in the *Howe case*, that upon a discontinuance of an assignment proceeding under section 15, added by amendment to the act concerning voluntary assignments, the assigned estate, or so much of it as remained unadministered, should revert to the assignor, and still remain liable for the payment of his debts, just as it was at the date of the assignment; that upon the discontinuance, the unadministered assets must be treated as though no assignment had been made, each creditor standing upon the same footing of right to proceed against it as it existed when the assignment was executed. The language of the statute, "and in such case all parties shall be remitted to the same rights and duties existing at the date of the assignment, except so far as such estate shall have already been administered and disposed of," admits of no other construction, as is shown by the opinion filed in that case. It must necessarily follow that an order of the court discontinuing the proceeding, and at the same time ordering the assignee to make an absolute conveyance of the assigned property to a third party, to be held and owned by him in his own right, is unauthorized by the statute, and therefore void as to all creditors of the assignor not consenting thereto.

The order of the county court of Cook county, made an exhibit to and part of this bill, shows, on its face, that

after the assignment was made, and prior to the discontinuance, Kean, the assignor, had conveyed to Warren all his right, title, claim and interest "in and to all the property, assets and effects of said insolvent estate," and that he then requested the court to enter an order directing the assignee "to transfer, assign, convey and turn over to Warren all of the property, assets and effects of said insolvent estate, including all its books, vouchers, papers and documents," etc., and after reciting that it finds that Warren "is legally and equitably entitled to the absolute ownership, control and possession of all of said property, assets and effects of said estate," etc., the court ordered the assignee to at once convey, transfer and assign the same to said Warren. The bill also shows that this order was procured by Kean and Warren by the latter buying up a majority, in number and amount, of the claims against the estate, and that the conveyance and transfer of the property by Kean to him were wholly without consideration. The allegations of the bill being admitted by the demurrer, it clearly appears that through the collusion and fraud of these parties in the procurement of the illegal order of the county court, the unadministered estate of the assignor has been put beyond the reach of those of his creditors who did not consent to the discontinuance of the assignment proceeding, thus leaving them without any means whatever of securing the payment of their debts. The case falls clearly within the principle announced in the case of *Howe* v. *Warren, supra*.

The circuit court erred in sustaining the demurrer to the bill and dismissing the same at complainant's cost, and for that error its decree will be reversed and the cause will be remanded, with directions to proceed in the same according to the views herein expressed.

*Reversed and remanded.*