## Horace H. Stoddard v. James H. Gilbert, Sheriff of Cook County, the Commercial National Bank and The Chicago Daily News Co.

1. VOLUNTARY ASSIGNMENTS—*Discontinuance of Proceedings.*—By the discontinuance of insolvency proceedings by order of the County Court, all parties are remitted to the same rights and duties existing at the date of the assignment, except so far as the estate has been administered upon and disposed of.

Replevin.—Error to the Circuit Court of Cook County; the Hon. ELLBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

For several years prior to the 15th day of April, 1893, David A. Titcomb and Elbridge S. Pratt, copartners, had been doing business under the name of Titcomb & Pratt, in the city of Chicago. On the 15th day of April, 1893, a deed of assignment was filed with the clerk of the County Court of Cook County. This deed was made by David A. Titcomb and Elbridge S. Pratt to Robert P. Walker, as assignee. Walker took possession of all the stock of goods formerly belonging to the firm of Titcomb & Pratt, and proceeded to administer the estate under the direction of the County Court.

Stoddard v. Gilbert.

On the 28th day of April, 1893, the creditors of Titcomb & Pratt held a meeting, in order to determine what was the best course for them to pursue. At that meeting a committee was appointed from among the creditors, to act and represent all the creditors. This committee immediately caused to be prepared a petition for the discontinuance of the proceedings in the County Court, and H. H. Stoddard, plaintiff herein, was solicited by the committee to act as trustee for the creditors when the assignment proceedings should be dismissed.

On the 30th day of June, 1893, Stoddard accepted this trust, although the assignment proceedings had not yet been dismissed.

On the 6th day of July following, Walker resigned as assignee, and the plaintiff, H. H. Stoddard, was appointed by the County Court as his successor, and immediately assumed control of the estate of Titcomb & Pratt, which remained at that time unadministered.

The petition to the County Court for the dismissal of the assignment proceedings was signed by both Titcomb & Pratt, and also by a large majority of their creditors in number and amount. The petition prayed that the proceedings of insolvency against Titcomb & Pratt should be dismissed, and on the 26th day of July, 1893, this petition was presented to the County Court of Cook County, and an order was entered by said court, dismissing the proceedings out of said County Court of Cook County.

David A. Titcomb had made an agreement with the creditors signing the petition, and any other creditors of Titcomb & Pratt who should so elect, to pay to each creditor fifty per cent of his claim, in full satisfaction of such claim, the same to be paid in installments.

It was largely for the purpose of carrying out this agreement made between David A. Titcomb and the committee before mentioned appointed by the creditors, that H. H. Stoddard was appointed as trustee and accepted the trust.

From the 6th day of July, 1893, when Robert P. Walker resigned as assignee and H. H. Stoddard was appointed,

down to the 26th day of July following, H. H. Stoddard was in actual possession of all of the goods belonging to the estate of Titcomb & Pratt, including the goods in question in this suit, as assignee, administering the estate under the direction of the County Court, as it had been administered by Robert P. Walker from the time the assignment was made.

After the 26th day of July, when these proceedings were dismissed, Stoddard still held actual physical possession of the property in question, as trustee appointed by the creditors.

During the time that Robert P. Walker had been assignee, and also during the time that Stoddard had been assignee of this estate, a large proportion of the goods that had come into their hands as assignee had been sold, and the proceeds used as the County Court directed. The County Court gave direction to Robert P. Walker, and to H. H. Stoddard as assignee, to continue the business, under the direction of the court; in continuing the business a large amount of new goods were purchased by them as assignee, and placed in the premises formerly occupied by Titcomb & Pratt.

The Commerical National Bank, one of the defendants herein, held a judgment note against the firm of Titcomb & Pratt for the sum of $7,949. During the 15th day of April, 1893, but after the assignment proceedings had been filed in the County Court, and the assignee had taken possession of the goods belonging to the estate, the bank entered up a judgment upon their note, and upon the same day sued out an execution. This execution was returned, "no property found" and no part satisfied. On the 24th day of July an alias execution was issued, and placed on that day in the hands of the sheriff of Cook county, which execution remained in the sheriff's hands until the 23d day of August following, when the sheriff made a levy under this execution upon all of the property then held by H. H. Stoddard as trustee.

Another execution in favor of The Daily News Co. was also levied on the property.

On the day after the levy, August 24th, the plaintiff, H. H. Stoddard, replevied the goods from the sheriff.

The foregoing being set up in pleadings by the respective parties, the court sustained a demurrer to the fifth amended replication of the plaintiff, upon which judgment was rendered for the defendant, and a return of the goods to the defendant was awarded.

L. H. Bisbee, attorney for plaintiff in error.

Sleeper & Barbour, attorneys for defendants in error.

Mr. Justice Waterman delivered the opinion of the Court.

In the case of Warren v. Howe, 44 Ill. App. 147, this court held that the discontinuance of insolvency proceedings by order of the County Court left all parties where they stood at the date of the assignment; "that is, left the assignor the owner of the assets, subject to whatever liens by way of judgment or otherwise existed thereon."

In Howe v. Warren, 154 Ill. 227–247, the Supreme Court in speaking of such an order of discontinuance, said:

"Upon the discontinuance, the duties of the assignee necessarily cease, except so far as may be necessary to remit the parties to their rights as they existed before the assignment, in respect to the residuum of the estate. Upon this being done the debtor again has his estate, except so far as administered, liable to be taken in satisfaction of his indebtedness, precisely as if no assignment had been made, and each creditor stands upon the same footing of right to proceed against such estate as such right existed when the assignment was made."

In Terhune v. Kean et al., 155 Ill. 506, the ruling in Howe v. Warren is approved.

It is true that in those cases, by the course of pleading, it stood admitted that the discontinuance was in pursuance of a scheme to defraud creditors, but the decisions are placed upon the ground of the language of the statute.

Indeed, the statute so plainly declares that upon a discontinuance of the proceedings " all parties shall be remitted to the same rights and duties existing at the date of assignment, except so far as the estate shall have already been administered and disposed of," that it is difficult to see how the holding could have been otherwise.

The judgment of the Circuit Court is affirmed.