HORACE H. STODDARD

*v.*

JAMES H. GILBERT, Sheriff, *et al.*

*Filed at Ottawa June 13, 1896—Rehearing denied November 6, 1896.*

1. APPEALS AND ERRORS—*errors must be presented in the Appellate Court.*    Errors not presented to the Appellate Court cannot be considered by the Supreme Court.

2. INSOLVENCY—*rights of execution creditors upon discontinuance of insolvency proceedings.*    Discontinuance of insolvency proceedings under the statute providing that upon such discontinuance all parties shall be remitted to the same rights and duties existing at the date of the assignment, cannot operate to vest the title to the assigned property in a trustee created by an agreement, pending the insolvency proceedings, between the assignors and certain. creditors, to carry out a proposition for a compromise, so as to prevent executions against the assignor from taking effect.

*Stoddard* v. *Gilbert,* 62 Ill. App. 70, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

L. H. BISBEE, and W. N. GEMMILL, for plaintiff in error:

Wherever the common law rule has not been changed by statute the sheriff is unauthorized to seize and sell any chattels, unless the defendant in the execution has the legal as well as the equitable title thereto.    Freeman

on Executions, sec. 116; *McKeithom* v. *Walker*, 66 N. C. 95; *Sprinkle* v. *Martin*, id. 53; *Pope* v. *Boyd*, 22 Ark. 535; *Wilkes* v. *Ferris*, 5 Johns. 335; *Scott* v. *Scholey*, 8 East, 467; *Martin* v. *Jewell*, 37 Md. 530; *Boyce* v. *Smith*, 16 Mo. 317.

SLEEPER & BARBOUR, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of replevin, brought by plaintiff in error in the circuit court of Cook county. Plaintiff filed the common declaration in replevin, to which the defendants interposed seven pleas. The questions in the case turn upon the replication to the fifth plea and the demurrers to this replication.

The fifth plea set forth a voluntary assignment by David A. Titcomb and E. S. Pratt, partners, under the firm name of Titcomb & Pratt, for the benefit of their creditors; the recovery by the defendant the Commercial National Bank of a judgment against Titcomb & Pratt, and a discontinuance of the assignment proceeding in the circuit court while an execution upon the said judgment was in the hands of the defendant Gilbert, as sheriff, and the levy on the property as the property of Titcomb & Pratt. To this plea a replication was filed, to which a demurrer was interposed, and the plaintiff, by leave of the court, then filed a further replication to the plea. To the further replication the defendants demurred, and by leave of court also filed an additional demurrer. The demurrers were sustained. There were subsequent proceedings had, all of which were afterwards vacated, and there was judgment on the demurrers for the defendants. This judgment has been affirmed by the Appellate Court.

Numerous reasons, based upon the rules of pleading, are urged in this court why judgment should not have been rendered for the defendants; but it is shown by the brief and argument on behalf of plaintiff in error in the

Appellate Court that none of the questions were pre-
sented to that court in any manner.    That brief contained
a statement of facts, upon which it was alleged that the
questions in the case arose, which were substantially
adopted by the Appellate Court.    Upon the facts as so
stated, alleged in the replications, questions were pre-
sented to that court, and its judgment was invoked upon
such statement without any reference to the rules of
pleading now presented to this court.    The questions
then stated were as follows:    "First, what is the effect
of the dismissal of the voluntary assignment proceedings
out of the county court upon the property theretofore
held by the assignee?—In whom does the title to that
property vest, and what becomes of the trust imposed
upon the property by the deed of assignment?    Second,
if it is held that upon the dismissal of the assignment
proceedings out of the county court all parties, including
creditors, are immediately remitted to the same rights
and duties existing at the date of the assignment, then
what were the rights of the defendants in this case at the
moment before the insolvency proceedings herein were
dismissed?"    A third proposition, as to the right to levy
upon property purchased by the plaintiff, as trustee,
since the assignment proceedings had been begun, was
stated; but in a subsequent part of the argument it is
said that "the questions arising upon the pleadings as to
the rights of the defendants to levy upon the property
purchased by the assignee and Stoddard, as trustee,
which was purchased after the assignment, partly by the
individual money of Stoddard, as trustee, have all been
withdrawn, and no issue, therefore, is raised by the rec-
ord upon them."    These were the only questions pre-
sented to the Appellate Court upon which its judgment
was asked, and all other supposed errors having been
waived or abandoned in that court, cannot be considered
here.    *Strodtmann* v. *County of Menard*, 158 Ill. 155.

The facts alleged and necessary to be stated are substantially as follows: On April 15, 1893, David A. Titcomb and Elbridge S. Pratt, partners under the name of Titcomb & Pratt, were engaged in the furniture business in Chicago, and executed a deed of assignment to Robert W. Walker, as assignee. Walker took possession of the goods and proceeded to administer the estate under the directions of the county court. The Commercial National Bank, one of the defendants, held a judgment note against the firm for the sum of $7949, upon which judgment was entered the same day that the assignment was executed, but at a later hour. An execution on this judgment was placed in the hands of the defendant Gilbert, which was returned unsatisfied because all the estate was in the hands of the assignee, being administered in the county court. On April 28, 1893, a meeting of creditors of the insolvent firm was held, and a committee was appointed to act and represent the creditors. A majority of the creditors accepted a proposition of David A. Titcomb of fifty cents on the dollar of their claims, payable in installments, and as a part of the plan Titcomb & Pratt executed an instrument purporting to transfer to the plaintiff Stoddard, as trustee, the property in the hands of the assignee, to be reduced to money to pay said percentages, and after said payments were made the balance of the property was to be paid over to Julia A. Titcomb, to apply on an indebtedness held by her against Titcomb & Pratt. Stoddard accepted the trust on June 30, 1893, although the assignment proceeding had not yet been dismissed. On the 6th of July following, Walker resigned as assignee, and the plaintiff was appointed as his successor and took possession of the estate. On July 24, 1893, an *alias* execution upon said judgment was issued and placed in the hands of the sheriff, the defendant Gilbert. Plaintiff retained possession down to the 26th of July, when the proceedings were dismissed in pursuance of a petition of a majority in number and amount

of the creditors of Titcomb & Pratt. The execution was levied upon the property August 23, after such discontinuance. An execution was also issued on a judgment in favor of the Chicago Daily News Company against Titcomb & Pratt. On the day following the levy this suit was brought.

It is claimed on the part of plaintiff that when the assignment proceedings were dismissed and he ceased to hold possession of the property as assignee, it immediately passed from him as assignee to him as trustee, under the agreement, and that there was no intervening title or interest in Titcomb & Pratt upon which the executions would be a lien. The statute provides that upon a discontinuance of an assignment proceeding all parties shall be remitted to the same rights and duties existing at the date of the assignment, except so far as the estate shall have already been administered and disposed of. In construing this section in *Howe* v. *Warren*, 154 Ill. 227, it was said (p. 247) that upon such discontinuance "the debtor again has his estate, except so far as administered, liable to be taken in satisfaction of his indebtedness, precisely as if no assignment had been made, and each creditor stands on the same footing of right to proceed against such estate as such right existed when the assignment was made." And again in *Terhune* v. *Kean*, 155 Ill. 506, it was held that upon such discontinuance the assigned estate, or so much of it as remained unadministered, would revert to the assignor, and remain liable for the payment of his debts, and each creditor would have the right to proceed against it as it existed when the assignment was executed. When the attempted transfer to plaintiff was made the title to the property was in Walker, as assignee, and that agreement could only become operative upon a discontinuance of the proceedings. It was doubtless the purpose of the creditors to prevent the property from vesting in Titcomb & Pratt upon the dismissal as provided by the statute, by creat-

ing another trust and appointing the plaintiff as trustee to take the property and administer it. But there could be no disposition of the property by such an agreement which would defeat the plain meaning of the statute, and the scheme was ineffectual for that purpose. Creditors cannot be placed upon a different footing than that provided by the statute, by the adoption of any scheme or device to that end.

The judgment will be affirmed.

*Judgment affirmed.*