## Charles M. Linington v. David Dickinson, Vermont Marble Company and Malcolm J. Browne.

1. VOLUNTARY ASSIGNMENTS—*Effect of Dismissal of Proceedings upon Dissenting Creditor.*—As against the subsequent dissent of a non-assenting creditor, the order of the County Court dismissing the proceedings under the assignment of the debtor, if made before the expiration of three months allowed to creditors to present their claims, is ineffectual as a bar to any effort by such creditor to obtain his portion of satisfaction from the assets.

2. SAME—*When a Majority in Number and Amount of Creditors May be Ascertained.*—Under section 2 of the act concerning voluntary assignments, creditors have three months in which to present their claims, and until that period has elapsed it is impossible to tell what constitutes a majority of the creditors " in number and amount," so as to comply with section 15 of such act.

In Equity.—Bill for relief. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 14, 1896.

SMILEY & CLARK, attorneys for appellant; McGARRY & NICHOLS, counsel.

OTIS H. WALDO and WILSON, MOORE & McILVAINE, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The record shows that the case which the appellant claims exists, is, that August 16, 1895, he made an assignment for the benefit of his creditors to the appellee Dickinson. About November 1, 1895, the appellant made a settlement with his creditors, and the appellee Dickinson returned the property to the appellant, less $10,000 for services of Dickinson and his attorney, which the appellant admits he assented to, but now complains that it was $7,000 more than ought to be allowed for those services.

Next, January 9, 1896, Dickinson made an assignment to

the appellee Browne, for the benefit of his, Dickinson's, creditors.

February 10, 1896, the appellant presented to the County Court, *in re* the latter assignment, his petition that he should be allowed that $7,000 as a preferred claim against the assets of Dickinson, and "have such other, further or different relief in the premises as to the court shall seem meet." That in the afternoon of the same day, without notice to the appellant, through a combination between the appellees, the County Court was induced to dismiss the proceedings upon the assignment of Dickinson, and appellee Browne returned all the assets to Dickinson, who immediately transferred them to the Vermont Marble Company, which claims them as its own.

Now this bill by the appellant is filed, by which he asks such relief as he may be entitled to. The appellees severally demurred, and the court sustained the demurrers, and dismissed the bill.

It is not to be supposed that the bill is as free from opprobrious charges as the condensation I have attempted.

Now, without going into detail of what kind of relief, if any, the appellant may be entitled to, for such detail would be premature at this stage, we do hold that his bill is such as entitles him to an inquiry into the facts. A fiduciary relation existed between the appellant and Dickinson when the proceedings under the assignment of the appellant stopped, and whether Dickinson retained too much of the assets, is a question on which the burden is upon him. Fox v. Mackreth and notes, 1 Equity L. C., 115, star paging; Huguenin v. Baseley, and notes, 2 Ibid. 556, star paging.

Whether, should it be determined that he retained too much, a claim for preference over other creditors of Dickinson could have been allowed, we will express no opinion.

As against the subsequent dissent of a non-assenting creditor, the order of the County Court dismissing the proceedings under the assignment of Dickinson, was ineffectual as a bar to any effort by such creditor to obtain his portion of satisfaction from the assets.

Creditors have three months in which to present their claims. (Section 2 of the act concerning voluntary assignments.) Until that period has elapsed, it is impossible to tell what constitutes a majority of the creditors "in number and amount," so as to comply with Sec. 15. Union Nat. Bank v. Doane, 140 Ill. 193.

The doctrine of Howe v. Warren, 154 Ill. 227, as explained in Terhune v. Kean, 155 Ill. 506, entitles the appellant to an inquiry in a court of equity as to the validity of his claim against Dickinson, and to what extent, if at all, the other appellees may be responsible, if such claim is sustained.

The decree sustaining the demurrers and dismissing the bill is reversed, and the cause remanded for such further proceedings as to law and justice may appertain. Reversed and remanded.

After the foregoing opinion was filed, the appellees here prayed an appeal to the Supreme Court from the judgment of this court upon the theory that such judgment settled the rights of the parties, and was therefore a final judgment.

With some misgiving this court acceded to that construction, and allowed the appeal upon a bond of $9,000 to be filed by the appellees.

They remonstrate as to the amount, but we see no reason to reduce it.

Whether the theory be correct or not, if we adopt it, our action must be consistent with it. If, therefore, we allow an appeal, the condition of the bond, which stays the taking of such account, and puts upon the appellee all the risk of changing circumstances, should be to pay what may ultimately be recovered, and the penalty and security should be such as to insure the performance of the condition.