## David Kelley v. Alex. B. Leith et al.

1. VOLUNTARY ASSIGNMENTS—*Payment of Claims as Inducement to Consent to Discontinuance.*—An insolvent may arrange to give security upon his assets after a discontinuance of assignment proceedings, for the purpose of obtaining money with which to pay all uncontested claims immediately and in full, and a discontinuance should not be refused on account of the fact that creditors were told of the existence of such an arrangement, as an inducement to them to sign consents to a discontinuance, and the further fact that payment of contested claims was to be delayed until judgments had been obtained.

2. APPELLATE COURT PRACTICE—*Filing New Bonds.*—A motion to dismiss an appeal on account of the insufficiency of the bond may be overruled, and an appellant permitted to file a new bond.

**Assignment Proceedings.** — Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Mr. Justice GARY dissenting. Opinion filed April 15, 1897.

### STATEMENT OF THE CASE.

On July 27, 1896, the appellees, Leith, Hampton and Adams, constituting a copartnership trading under the name and style of the " Fulton Machine Works," made their deed of general assignment as such partners, to one Robie as assignee for the benefit of the creditors of such partnership. The assignee proceeded to administer the estate, and continued to do so until the 28th day of November, 1896, when an order was entered upon the petition of the insolvents, discontinuing the proceedings and directing the assignee to return the assigned property to them.

The assignee had duly given notice to creditors to file claims against the insolvents, and a large number of claims were so filed, including one by the appellant in this case, for the sum of $6,243.32. At the hearing of the motion for a discontinuance of the proceedings, it appeared that a majority in number and amount of the creditors, whose claims had been filed with the assignee, consented to such discontinuance. The motion for a discontinuance was opposed by the appellant, upon the ground that the consents of the consenting creditors had been procured by an unlawful arrangement between them and the insolvents.

In support of such contention, Mr. Ashcraft, attorney for the insolvents, was examined as a witness, and from his testimony it appeared that on November 21, 1896, he addressed to each of the creditors (except three, whose claims were contested by the insolvents, although no exception to their allowance had been filed,) a letter, in which he stated that he had arranged to raise funds to settle all uncontested claims against the insolvents, and in which he requested the person addressed to execute an assignment of his claim and

Kelley v. Leith.

place same in the hands of F. E. Brown, assistant cashier of the First National Bank, and also to sign a petition for a discontinuance of the insolvency proceedings, and to place same in the hands of Brown, with instructions to deliver such assignment and consents to him (Ashcraft) upon payment of the amount due such creditor.

With this letter was enclosed to each creditor a blank form of consent to the discontinuance of said proceeding, and a blank form of assignment, by which the claim of such creditor was assigned to Robert C. Robinson, an attorney in the office and employ of Mr. Ashcraft. Before sending out these letters, Mr. Ashcraft had made arrangements with one Herbst to loan the insolvents a sum of money sufficient to pay off all the debts except those contested; but, as he states he has been unable to find any one who was willing to advance money to pay off all the claims, including the contested ones.

The arrangement between the insolvents and Mr. Herbst was that business was to be resumed; that the receipt and payment of all moneys arising out of the business was to be conducted through Herbst; that he (Herbst) was to have a chattel mortgage for $75,000 upon the property of the insolvents to secure the money thus advanced, that sum being necessary in order to pay all the creditors in full and leave a working capital of $12,000. That out of the money so advanced all of the claims against said insolvents, whether they had been filed with the assignee or not, were to be paid in full, except the contested claims, including that of the appellant. Herbst was to participate in the management of the business for six months, for which he was to have a salary of $2,000 a month ($12,000) in addition to interest at the rate of seven per cent per annum upon the amount of money to be loaned by him to the insolvents, which sum of $12,000 was to be included in the chattel mortgage, if desired by him. That the contested claims amount to from $7,000 to $8,000; that it is the intention and plan of the insolvents to pay in full all of the contested claims for which judgment shall be obtained.

In pursuance of this arrangement the creditors who con-

sented to the discontinuance of the proceedings signed such written consents and assignments of their claims and placed them in the hands of Mr. Brown, as requested, and the consents were delivered by Mr. Brown to the insolvents, or their representative, and at the same time, checks for the amount of the claims thus represented were delivered to Mr. Brown, upon an understanding that they would not be presented until the order of discontinuance was entered. The County Court overruled appellant's objection to the entry of the order and entered an order discontinuing the proceedings and directing the assignee to restore the assigned property to the insolvents. From this order this appeal is taken.

DEFREES, BRACE & RITTER, attorneys for appellant.

F. M. COX, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The inventory of the assignee filed in the County Court, shows assets estimated to be worth . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $163,155.02
and liabilities amounting to . . . . . . . . . . . . . . . . . . 58,793.84

Seventy-nine claims were filed within three months after notice given, amounting in all to . . 64,752.87
of which appellant's claim is . . . . . . . . . . . . . . . . . 6,243.32

Leaving the proven uncontested claims . . . . . . $ 58,509.55 being several hundred dollars less than the statement made in the inventory of the assignee.

It is urged that the order of discontinuance in this case was held to be, under such circumstances, improper in Howe v. Warren, 154 Ill. 227; Terhune v. Kean, 155 Ill. 506; Am. Exch. Bank v. Walker, 60 Ill. App. 510; Same v. Same, 164 Ill. 135; Stoddard v. Gilbert, Sheriff, 62 Ill. App. 70, is also referred to.

The language used in the cases mentioned is to be understood with reference to the causes, respectively, in which it was uttered.

In the present case it is undisputed that the intention has

Kelley v. Leith.

been and is to pay all creditors in full, those whose claims are uncontested at once, those disputed, as soon as judgment is obtained thereon.

There is no pretense that the contest of the disputed claims is not in good faith and with an honest and just purpose. \

If, as is contended, the insolvents can not arrange to give security, after the discontinuance, upon any portion of their assets, for the purpose of obtaining money with which to pay immediately all just claims in full, but must, in order to obtain a discontinuance under such arrangement, also pay at once all, possibly, unjust claims, it is evident that for practicable purposes the section of the statute providing for a discontinuance has no existence.

From beginning to end of this assignment there has been in the conduct of the insolvents nothing that smacked of dishonesty or unfairness. Compelled, by an unfortunate mistake of a *creditor*, to make an assignment, they have arranged to pay without delay all undisputed claims; leaving themselves in a condition where there is every reasonable prospect that they will pay every just claim, and yet preserve their business.

If the law, under these circumstances, dooms them to a loss of all they have, without benefiting anybody, it is unfortunate.

We do not think that the Supreme Court has held unlawful a discontinuance procured in the manner the one under consideration was obtained.

A motion to dismiss the appeal because a proper bond was not filed has been overruled and appellant permitted to file a new bond. Such action of this court is in accordance with Hammond et al. v. The People, 164 Ill. 455.

The order of the County Court is affirmed.


Mr. Justice Gary.

I can not concur. I read what the Supreme Court has said as forbidding a discontinuance in pursuance of arrangements by which the assets are trammeled after they are returned to the insolvents.