## Commercial National Bank et al. v. Horace H. Stoddard.

1. COURTS—*Power of, Over Their Own Process.*—If it be shown that it is inequitable to allow the enforcement of an execution upon a particular levy, the court from which the execution issued may quash the levy. Courts will recall their process and quash the same when it is shown that it would be illegal or inequitable to permit its further use, and to allow it to be enforced.

2. EQUITY—*Neglect to Pursue Remedy at Law.*—If a party neglects to pursue his remedy at law, he can not come into equity for relief.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded, with directions. Opinion filed May 6, 1897.

SLEEPER, McCORDIC & BARBOUR, attorneys for appellants.

W. N. GEMMILL and J. W. MERRIAM, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The history of events of which the sequel is this bill in chancery, on which March 19, 1897, the Superior Court entered an interlocutory order for an injunction restraining the appellant from prosecuting an action upon a replevin bond given by the appellee, may be found narrated in Stoddard v. Gilbert, 62 Ill. App. 70, affirmed in 163 Ill. 131, and reference is made to that history to economize labor.

After the defeat there shown, and suit commenced upon the bond, the appellee filed this bill, setting out many circumstances to show what a hardship it will be to him to be bound by the terms of his bond, and likewise circumstances from which he deduces the conclusion that it was inequitable for the appellant to enforce the execution, from the levy upon which the appellee replevied.

If that conclusion be correct, the appellee, instead of his replevin, might have successfully applied to the court from which the execution issued, to quash the levy, for " Courts will recall their process and quash the same, when it is shown that it would be illegal or inequitable to permit its further use, and to allow it to be enforced." Sandburg v. Papineau, 81 Ill. 446.

And if the party neglected his remedy at law, he may not come into equity for relief. Chittenden v. Rogers, 42 Ill. 95; Harding v. Hawkins, 141 Ill. 572.

We are not called upon to say whether there ever was any reason, legal or equitable, for quashing, or restraining the use of the execution, nor whether, if there was, it can be made available in defense of the suit on the bond, but only to say that there is no ground for enjoining the prosecution of that suit.

The order granting the injunction is reversed and the cause remanded, with directions to dissolve the injunction.