# Martha J. Easter, Appellee, v. Alice Holcomb, Appellant.

1. Execution—*right to have recitals of certificate of redemption corrected.* The owner of the equity of redemption which had been sold under an execution, who obtained title within one year after the rendition of the judgment in question and redeemed from the sale, had the right, in a petition to quash the levy made under an *alias* execution sued out by the assignee of the judgment, and levied upon the property as the property of the judgment debtor, after such redemption, to show that the sheriff made a mistake in having the certificate recite that the judgment debtor, instead of such owner of the equity made the redemption.

2. Execution—*rights of purchaser of equity of redemption as to redemption.* A judgment debtor had the right to convey her equity of redemption in realty prior to the expiration of one year from a sale, and the purchaser of such equity had the right, at any time prior to the expiration of one year from the date of the sale, to redeem, and when so redeemed could hold the property free and clear from the lien of the judgment, even though the bid at the sale redeemed from was less than the amount of the judgment.

3. Execution—*title and rights of grantee of equity of redemption on redeeming.* Under Hurd's Rev. St. ch. 77, sec. 18 (J. & A. ¶ 6764), relating to redemptions from sale under execution, the only person entitled to redeem within one year is the judgment debtor or his assignee or grantee or someone claiming under them, and therefore the judgment debtor can convey his equity of redemption free and clear of judgment liens at any time prior to one year from the date of the execution sale, and if the grantee of the equity sees fit within said year to redeem from the sale, he has the right to do so, and, having done so, could sell the premises free and clear of any balance that might remain unpaid on the judgment on which execution issued.

4. Mortgages—*effect of redemption by party not primarily liable.* Where redemption is made by a party not primarily liable upon the mortgage debt, the mortgage lien having been exhausted, the property cannot be subject a second time to the satisfaction of any unpaid balance due on the mortgage.

5. Execution—*when may be quashed.* It is the proper practice to quash an execution if, in the judgment of the court, the property was not subject to the lien of the execution.

Appeal from the Circuit Court of Pulaski county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

MILLER & WALL, for appellant.

WALL & MARTIN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an appeal prosecuted by appellant from an order of the circuit court of Pulaski county quashing an execution sued out by appellant and caused to be levied on certain premises formerly owned by one Ida M. Holcomb. The petition or motion filed by appellee praying that said execution be quashed is as follows:

"Now comes Martha J. Easter, by Wall & Martin, her attorneys, and moves the Court to quash the levy made under and by virtue of a certain execution issued out of the office of the clerk of the circuit court of Pulaski County, Illinois, on the 24th day of February, 1920, on a judgment in favor of Floyd E. Britton, trustee in bankruptcy of the estate of Russell S. Holcomb, bankrupt, against Ida M. Holcomb, which said judgment has been assigned to Alice Holcomb, and which said execution has been levied on lots Nos. 1 and 2 in block No. 2, in Meyers & Holcomb's addition to the Village of Ullin, Pulaski County, Illinois, and for grounds for said motion the said Martha J. Easter shows the following, to wit:

"On the twenty-third day of October, 1916, one Floyd E. Britton, trustee in bankruptcy of the estate of Russell S. Holcomb, bankrupt, obtained a judgment in the Circuit Court of Pulaski County, Illinois, against Ida M. Holcomb for the sum of six hundred and fifty dollars ($650.00) and costs of suit; that after said judgment was obtained it was assigned by the said Floyd E. Britton, trustee in bankruptcy as aforesaid, to one Alice Holcomb, of said Pulaski County, Illinois.

"On the second day of October, A. D. 1918, the said Alice Holcomb, as owner of said judgment aforesaid, sued out of the office of the clerk of the Circuit Court of Pulaski County, Illinois, a writ of execution upon said judgment, and caused the sheriff of Pulaski County, Illinois, to levy the same upon said lots Nos. 1 and 2 in block No. 2 in Meyers & Holcomb's addition to the Village of Ullin, in said county, as the property of Ida M. Holcomb, the defendant in the execution, and that said execution was levied on said property on the second day of October, 1918. Mannon Bankson, sheriff of Pulaski County, Illinois, by virtue of said execution aforesaid, advertised and sold said lots Nos. 1 and 2 in block No. 2 in Meyers & Holcomb's addition to the Village of Ullin, situated in said county, on the twenty-third day of November, A. D. 1918, to Alice Holcomb, the owner of said judgment, for the sum of three hundred and ten dollars ($310.00) she being the highest and best bidder therefor. The same was struck off to her on the same day, to wit, the twenty-third day of November, 1918, the said Mannon Bankson issuing to her in due form a certificate of purchase. On the twentieth day of November, A. D. 1919, she, the said Martha J. Easter, purchased from the said Ida M. Holcomb, defendant in the execution, her equity of redemption in said lots Nos. 1 and 2, in block No. 2, in Meyers & Holcomb's addition to the Village of Ullin, for valuable consideration, and received a deed therefor, and, on the twenty-second day of November, 1919, the said Martha J. Easter deposited with the sheriff of Pulaski County, Illinois, the necessary funds to redeem said lots Nos. 1 and 2, in block No. 2 aforesaid, from said sale, in accordance with the statute in such cases made and provided, which said redemption money was accepted and received by the said Alice Holcomb, the owner of the judgment upon which said execution was issued, and that on the twenty-second day of November, 1919, the said Martha J. Easter received from Imon A. Bankson, the then duty elected and qualified sheriff of Pulaski County, Illinois, a certifi-

cate of redemption from the aforesaid sale, but, by a mistake of the scrivener in the preparation of said sheriff's certificate of redemption, it was made to appear that Ida M. Holcomb had redeemed from said sheriff's sale, when in truth and in fact the redemption was made by Martha J. Easter, as she is ready and willing to aver, maintain and prove. On the twenty-fourth day of February, 1920, the said Alice Holcomb sued out of the office of the clerk of the Circuit Court of Pulaski County, Illinois, an *alias* execution upon the aforesaid judgment, and caused the sheriff to levy said execution upon said lots Nos. 1 and 2, in block No. 2, in Meyers & Holcomb's addition to the Village of Ullin, in Pulaski County, Illinois, as the property of Ida M. Holcomb, and advertised the same for sale on the twenty-seventh day of March, A. D., 1920, at 1 o'clock p. m., at the south door of the courthouse in Mound City, Illinois. On the twenty-fifth day of March, 1920, Honorable William N. Butler, one of the Judges of the circuit court of the County of Pulaski and State of Illinois, upon petition of Martha J. Easter aforesaid, verified by the affidavit of Mark Easter, her husband and agent, made an order staying and suspending all proceedings and sale as advertised in pursuance of the levy of the aforesaid execution issued out of the office of the clerk of the Circuit Court aforesaid on the twenty-fourth day of February, 1920, aforesaid, until such time as a full and fair hearing might be had upon this motion in the Circuit Court of Pulaski County, Illinois to quash the said levy made under said execution.''

No answer was filed to said petition and no counter-affidavits of any character were filed by appellant. Appellant and appellee both refer to said petition for the facts in connection with this appeal and the trial court made a finding that the facts set forth in the petition were not denied and that it made its findings thereon. The question presented is therefore a question of law as to whether or not the court erred in quashing the execution.

It is first contended by appellant that appellee cannot make proof that the record showing said redemption was made by Ida M. Holcomb was an error of the scrivener.

The record discloses that after said sale on said execution, Ida M. Holcomb, the judgment debtor, conveyed her equity of redemption to appellee, and that at the time said redemption was made, Ida M. Holcomb had no right, title or interest in said premises of whatsoever kind or character. We see no reason why appellee should not have the right to show that the redemption was made by her, and that the sheriff made a mistake in showing the redemption to have been made by Ida M. Holcomb. In other words, we see no reason why appellee should be penalized on account of an error made by the officer designated by the statute to receive the redemption money.

It is next contended by appellant that even though appellee has the right to show that she in fact redeemed said premises from said sale, that nevertheless said redemption would have the legal effect of rendering the certificate issued thereunder null and void. Appellant in her brief says: "A purchaser of land subsequent to the lien of the judgment must take the land subject to the judgment. This land can only be clear of the lien or judgment while in the hands of the judgment debtor, or her assignee, by payment and satisfaction in full of the judgment." In other words, appellant contends that in order to free said land from the lien of said judgment, either in the hands of the original judgment debtor or in the hands of her assignee, the judgment must be satisfied and paid in full. On the other hand, counsel for appellee contends that Ida M. Holcomb, judgment debtor, had the right to convey her equity of redemption to appellee prior to the expiration of one year from the date of said sale and that appellee, as such

purchaser, had the right at any time prior to the expiration of one year from the date of the sale to redeem said premises and, when so redeemed, could hold said premises free and clear from the lien of said judgment. We are of opinion that appellee is correct in her contention.

Section 18, chapter 77 of Hurd's Revised Statutes (J. & A. ¶ 6764) provides: "Any defendant, his heirs, executors, administrators or assigns or any person interested in the real estate through or under such defendant may, within twelve months from the date of such certificate, or within fifteen months therefrom if there shall be no redemption by a decree or judgment creditor as hereinafter provided, pay to the sheriff, master in chancery, or other officer issuing said certificate, or his successor in office, for the benefit of the decree or judgment creditor, his executors, administrators or assigns holding such certificate, the amount due as set forth in said certificate, together with interest thereon at the rate of six per centum per annum from the date of said certificate, and all other sums due under said certificate according to the provisions of this act. Said certificate shall thereupon be null and void."

The provisions of this section expressly give the right to a creditor or assignee of the owner of the equity of redemption to redeem at any time within one year from the date of sale under an execution.

Section 21 of said chapter (J. & A. ¶ 6767) provides the method of making successive redemptions by judgment creditors, and section 22 (J. & A. ¶ 6768) provides for the preference and seniority in making such redemptions. It will therefore be observed from the reading of the statute that after the first sale on an execution the only person entitled to redeem within one year is the judgment debtor, or his assignees or grantees or someone claiming by, through or under them. In other words, there is no provision of the

statute allowing a levy and sale of the debtor's equity of redemption prior to the expiration of one year from the date of sale. From this we draw the conclusion that at any time prior to one year from the date of sale under an execution, the judgment debtor can convey his equity· of redemption free and clear of any judgment liens. If the grantee or assignee of the equity of redemption sees fit within one year to redeem from the sale he has the right to do so, and, having done so, could sell the premises free and clear of any balance that might remain unpaid on the judgment on which execution was issued.

In *Ogle v. Koerner*, 140 Ill. 170, at page 179, the Supreme Court says: ''When the redemption is made by a party primarily liable on the mortgage debt, it may be that the same property may be resorted to again for the purpose of subjecting it to the payment of an unpaid balance due on the mortgage, but that is not because of any right to enforce the mortgage lien against the same property a second time, but because of the rule of law which subjects all the property of a debtor to the payment of his debts until they are satisfied in full. But where the redemption is made by a party not liable upon the mortgage debt, the mortgage lien having been exhausted, the property cannot be subjected a second time to the satisfaction of the same lien. The party redeeming does so for his own benefit, and the holders of the senior mortgage having, by the sale, become entire strangers to the property, are in no position to derive any advantage from the redemption. The sale having been made at public auction, and in the manner prescribed by the statute, the presumption, as between the. senior and junior incumbrancers, is a conclusive one, that the property has produced its entire value, and that value having been once applied to the senior mortgage, the lien has accomplished its full purpose and is thereafter *functus officio*.''

Again, on page 181, the Supreme Court says in the same case: ''The view we have taken is supported by the case of *Seligman v. Laubheimer,* 58 Ill. 124. In that case the land in controversy was subject to a senior and a junior mortgage, and a decree of foreclosure was rendered finding the amounts due on both mortgages, and declaring one to be a first and the other a second lien. Under the decree the land was sold for a sum less than sufficient to pay the amount of the first mortgage. Before the expiration of twelve months from the sale, the junior mortgagee redeemed. On application of the senior mortgagee to have the balance due him ascertained and declared to be a still subsisting lien on the mortgaged property and for a resale of the property, it was held that the lien of the first mortgage was extinguished, and that the junior mortgagee, redeeming under the statute, took the land free from the lien of the first mortgage. The following was a portion of the reasoning upon which the decision was based: 'What was the effect of the redemption? The second mortgagee, who redeemed from the sale, was the grantee of the mortgagors. By the express provision of the statute, he had the right to redeem the lands, by the payment of the amount bid by the plaintiff in error. If he had filed a bill in chancery to redeem, he would then be compelled to do equity, by the payment of the prior mortgage debt, before he could obtain relief. But this redemption was a statutory right. Upon the payment of the amount bid, with interest, the original certificate of purchase was null and void. The equity of redemption established by the courts is entirely different from the statutory right. The one is governed by the principles of equity jurisprudence; the other is controlled, in its operation and effect, entirely by the statute. In the enforcement of the one right, the party must pay all that is equitably due; in the other he need only comply with the statute.' ''

In this case the court held that the junior mortgagee was the grantee of the holder of the equity of redemption and that the junior mortgagee, having redeemed from the sale made under the senior mortgage, had the right to have its lien next satisfied even though a balance remained unpaid on the senior mortgage.

If the senior mortgagee is of the opinion that the land was worth more than the amount bid by him, it was his duty to bid all that he felt the property was worth in satisfaction of his mortgage, and, if he did not do so, then he loses the right to have a lien against the equity of redemption for the balance owing on his indebtedness.

We feel that while this case was one with reference to a foreclosure in equity of a mortgage that the principles laid down by the court in the decision of this case govern in the case at bar.

We therefore hold that appellee, having redeemed said premises, could hold the same free and clear from the balance unpaid on the judgment held by appellant.

No serious contention is made by appellant that it was not the proper practice for the court, if in its judgment the property was not subject to the lien of the execution, to enter an order quashing the same. This practice is supported by the case of *Sandburg v. Papineau,* 81 Ill. 446; and *Commercial Nat. Bank v. Stoddard,* 70 Ill. App. 79.

We are of the opinion and so hold that the court did not err in quashing the execution in this case and the judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*