Murphy v. Harris.

## Daniel Murphy v. William A. Harris and Thomas J. McGimsie.

1. VARIANCES—*Bills and Exhibits.*—Where there is a discrepancy between the body of the bill and the exhibits attached, the exhibits control.

2. MECHANICS' LIENS—*Purpose of the Act of 1887.*—The purpose of the act of June 16, 1887, was, that the owner, before he paid the original contractor, might be informed as to the amount due or to become due to persons who might be entitled to liens upon the premises for work done at the instance of the original contractor.

3. SAME—*Sub-contractor—Construction of the Statute—Statement.*—The statute does not require that the details of the contract with materialmen and workmen should be given, in making the statement. A statement is sufficient which contains all the information required by the statute. (For statements held sufficient, see statement of the case *post.*)

4. SECRET LIENS—*Stricter Rules Prevail.*—Where a secret lien is to be enforced stricter rules are to be applied.

**Memorandum.**—Mechanics' Liens. Appeal from a decree rendered by the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

### STATEMENT OF THE CASE.

July 16, 1889, Harris & McGimsie contracted in writing with Daniel Murphy to build a house and barn on Wabash avenue, near 63d street, Chicago, for the sum of $4,600 to be paid as the work progressed upon the estimates to be made by C. M. Palmer, architect, reserving fifteen per cent until the whole was completed. The final payment was to be made

within fifteen days after the contract was completed, provided the architect should certify in writing that all the work had been done to his satisfaction, contract to be completed by the 25th of October, 1889. April 22, 1890, appellees filed with the clerk of the Circuit Court a claim for lien against Daniel and Mary Murphy for a balance claimed to be due and owing from Daniel Murphy and Mary Murphy of $1,056.56; and on the same day a statement intended to be in accordance with section 35 of the mechanic's lien law as it then existed was handed to Mrs. Murphy. This statement was against Daniel Murphy alone. Afterward, on May 9, 1890, appellees filed in the Superior Court a petition for mechanic's lien which, with the amendments thereto afterward made, claimed that in compliance with the contract they built and finished for the said Daniel Murphy and wife a house and barn and performed extra work, and that the work was done and completed on or before January 2, 1889, and that there was a balance due on said contract from said Daniel Murphy of $1,056.50. That said Daniel Murphy and Mary Murphy were the owners of the real estate on which said house and barn had been erected, and that there was then due the complainants $1,056.50.

The averment in the petition is that petitioners entered into a written contract, with drawings and specifications attached, with Daniel Murphy, a copy of the contract being attached and marked " Exhibit B."

The designation of the locality in the contract is " to be erected on Wabash avenue, near 63d street, Chicago." The first amendment to the bill corrects a misdescription in the original bill and specifies the property as situated in township 36, instead of township 39.

The defendants, Daniel and Mary Murphy, separately answered the petition as amended, denying every material allegation in the bill and amendments thereto, except that the contract had been made.

June 29, 1892, the cause was referred to John T. Noyes, master, to take proofs and report same with his conclusion.

May 22, 1894, the master's report was filed finding that

the building was in substantial compliance with the requirements of the contract; that the statement for lien, marked "Exhibit E" (being "Exhibit A" attached to the original bill), does not comply with the requirements of the statute, and that complainants, by reason of their failure to comply with the statutory requirements, have not a lien for the amount in said statement claimed upon the premises in the bill of complaint described; that the material allegations in the bill of complaint are not sustained by the proofs, and that the bill should be dismissed for want of equity.

During the proceeding before the master and on the 29th of July, 1892, the master excluded from evidence the claim for lien, and also the statement filed with the clerk of the Circuit Court as a compliance with the act of May 31, 1887. This statement is as follows:

Mr. Daniel Murphy and Wife,

To Harris & McGimsie,

Carpenters and Builders.        Dr.

Aug. 20.   To am't on house contract for labor and
material.....................................$1,265.00
Aug. 20.   By cash on account of contract........ 1,100.00
Sept. 18.   To am't due on contract for material and
labor..................................... 1,265.00
Sept. 18.   By cash on account of contract........ 1,100.00
Oct. 22.   To am't due on contract for material and
labor..................................... 1,150.00
Oct. 22.   By cash on account of contract........ 1,000.00
Nov. 23.   To am't due on contract for material and
labor .................................... 690.00
Nov. 23.   By cash on account of contract........ 600.00
Jan. 2.   To am't due on contract for material and
labor..................................... 230.00
Oct. 16, 1889.   To 72 ft. board fence, 5 ft. 4 in.
high, at 30c.............................. 21.60
Oct. 16.   To picket fence, front steps to front
steps........  ............................ 5.00
Oct. 19.   To enlarging front porch............. 10.00

| Oct. 19. | To extra sewer from sink wastes to catch basin............................................. $ | 8.00 |
|---|---|---|
| Oct. 19. | To extra stone coping on back area walls | 7.50 |
| Oct. 23. | " pine closets extra, complete......... | 65.00 |
| " | " 3 china cupboards..... } .................. | 54.00 |
| " | To 4 sets drawers. } per agreement.... | 21.00 |
| " | " picture mold.. } .................. | 12.00 |
| Nov. 16. | To large gate in front fence........... | 3.00 |
| " | " window in front porch, complete.... | 2.50 |
| " | " 13 panes glass in transom.......... | 4.00 |
| " | " 2 " " window at top of stairs | .60 |
| " | " 3 mortise bolts.................... | 1.20 |
| " 19. | " maple floor in bath-room........... | 6.00 |
| Dec. 19. | To one piece sewer, $6; one case drawers, $6........................... | 12.00 |
| Dec. 19. | To lumber and bits for cupboard in bath-room............................. | .60 |
| Dec. 19. | To 21 hours time changing doors...... | 8.40 |
| " 20. | To putting stalls and harness cupboard in barn........................... | 20.00 |
| Dec. 20. | To changing moldings on plumbing boards........................... | 5.00 |
| Oct. 26. | By cash on account of half of 72 ft. fence paid Dr. Elpsy.................... | 10.80 |
| | Balance due............................. | $1,056.50 |

STATE OF ILLINOIS, } ss.
  Cook County.      }

In the Circuit Court of Cook County.

The following is a just and true statement on account of the demand due the undersigned, Harris & McGimsie, from Daniel Murphy and Mary Murphy, his wife, after allowing to him all credits and set-offs for labor performed and materials furnished, as follows, to wit: Each and every of the items as set forth on the hereto attached itemized bill, which is made part of this statement, the same as if embodied herein, which bill is marked "Exhibit A," and shows a balance of $800, upon contract, and $236.50 for extra work, material

and labor, making a total balance of $1,056.50 due the undersigned from the said Daniel Murphy and Mary Murphy his wife. The following is a correct description of the real estate, building and property to be charged with the lien, to wit : A two-story and basement flat building and a story and one-half barn, and that certain parcel of land described as the north fifty feet (50) of lot thirty-three (33) of Nash, Gray and Rankin's subdivision of the south twenty-seven acres of southwest one-fourth ($\frac{1}{4}$), of the southwest one-fourth ($\frac{1}{4}$), of section fifteen (15), township thirty-nine (39) north, of range fourteen (14) east of the principal meridian, Hyde Park, Cook County, Illinois.

Harris & McGimsie,

Thomas J. McGimsie.

State of Illinois, ⎱ ss.
County of Cook. ⎰

Thomas J. McGimsie, of the firm of Harris & McGimsie, being first duly sworn, on oath deposes and says, that his firm has performed the labor and furnished materials at the dates set forth in the above statement of claim for a lien, and "Exhibit A" is just and true, and the material and labor as therein set forth was furnished at the several times set forth and inwrought into the building above described, and there is now due his firm from said Daniel and Mary Murphy, for said labor and materials, after allowing all credits and set-offs, the sum of one thousand and fifty-six 50-100 dollars, which affiant charges and alleges is a lien upon the said above described premises.

Thomas J. McGimsie.

Subscribed and sworn to before me, this 22d day of April, A. D. 1890.

E. F. Masterson,

Notary Public.

The statement furnished to Daniel Murphy as a compliance with the act of June 16, 1867, amending section 35 of chapter 82, entitled "Liens," is as follows :

Thomas J. McGimsie states, on oath, that Harris & McGimsie were contractors for all the work on the buildings

erected for Daniel Murphy on the premises described as two-story and basement flat building and one and a half story barn. That this affidavit is made for the purpose of procuring from said Daniel Murphy a final payment on account of our contract with him for said work.

I had contracted with the persons named in the following schedule for the materials furnished and used by us in the construction of said building, of the kinds and in the amounts set opposite their respective names, and there is now due or to become due them respectively on account thereof the amount set out in the column marked "due or to become due."

### SCHEDULE OF MATERIALS.

| Name. | Materials. | Due or to Become due. |
|---|---|---|
| E. L. Moss, | Brick Mason, | —— —— |
| Hasey & Graham, | Millwork, | —— |
| A. F. Kaufman, | Painter, | $36.67 |
| J. F. Walthers, | Plumber, | 41.37 |
| M. Murphy, | Painter, | 57.58 |
| P. H. Dowdle, | Plasterers, | —— |
| Anderson, | Bell-hanger, | —— |
| R. S. Howell & Co., | Lumber, | —— |

I had in my employ the following named persons, on account of said building, at the rates of wages expressed in the following schedule, and there are now due or to become due to them the sums set opposite their respective names therein.

### SCHEDULE OF EMPLOYES.

| Name. | Rate of wages. | Due or to become due. |
|---|---|---|
| J. Mellson, | 30c. | —— |
| Guse Johnson, | " | —— |
| Peter Schmidt, | " | —— |
| J. Julian, | " | —— |
| Matt. Owen, | " | —— |
| C. J. Johnson, | " | —— |
| N. Peterson, | " | —— |
| T. J. Wagner, | " | —— |

Murphy v. Harris.

| Name. | Rate of wages. | Due or to become due. |
|---|---|---|
| C. Newman, | 30c. | ————— |
| Geo. Harris, | " | ————— |
| J. Powers, | " | ————— |
| H. Libbet, | " | ————— |
| P. Burquest, | " | ————— |
| J. S. Stonebeck, | " | ————— |
| P. Erickson, | " | ————— |
| R. H. McGimsie, | " | ————— |

The foregoing is a complete statement of the number, name of every sub-contractor, mechanic and workman in our employ; the names of all persons furnishing materials, and the rate of wages and terms of contract, and how much is due and to become due to them for work done and material furnished on account of the building aforesaid, by, through or under us.

Thomas J. McGimsie.

Subscribed and sworn to before me, this 22d day of April, A. D. 1890.

[Seal.]       E. F. Masterson,
Notary Public.

Objections by appellees to the master's report were by him overruled May 21, 1894.

The cause came on to be heard upon the bill and the two amendments; answer of defendants; replication of complainants; master's report and complainant's exceptions thereto.

Exceptions to the master's report by appellees were sustained and a decree was rendered against Daniel Murphy for one thousand three hundred and thirty-four dollars and seventy cents ($1,334.70), and that the complainants have a lien on the premises described to date from July 16, 1889, and that Murphy pay the same within twenty days.

John Olney, attorney for appellant.

Appellees' Brief, Masterson & Haft, Attorneys.

In general it is only necessary that the statement or notice of lien should so describe the property that it can be easily

recognized. In other words, a description is sufficient if it contains enough to enable a person who is familiar with the locality to identify the land intended to be described with reasonable certainty. There is generally great reluctance to declaring a claim invalid merely by reason of a loose description; and the jury is generally allowed to determine whether the land is in fact described. 2 Jones on Liens, 1421; Quackenbush v. Carson, 21 Ill. 99.

Neglect in an affidavit for lien to comply fully and technically with the (statutory) directions intended for the protection of third persons, who may acquire rights in, or liens upon the same property, will not defeat the lien as against the owner, where it is filed and the action brought, within the time for filing a lien. McFadden v. Stark (Ark.), 22 S. W. Rep. 884; Whitmore v. Marsh (Iowa), 47 N. W. Rep. 1021.

The contract is entire and an itemized statement is not required. Ricker v. Joy, 72 Me. 106; Young v. Lyman, 9 Barr: 449; Russell v. Bell, 44 Pa. St. 47; Poll v. Wedemeyer, 56 Tex. 287; Heston v. Martin, 11 Cal. 41; 2 Jones on Liens, 1418; Doolittle v. Plenz, 16 Neb. 153; Manly v. Downing, 15 Neb. 637; Davis v. Hines, 6 Ohio St. 473; Thomas v. Huesman, 10 Iowa 152; Fourth Baptist Church v. Trude, 28 Pa. St. 153.

A bill of particulars is not necessary where the contractor furnishes both material and labor for a certain price. Gunther v. Bennett (Md.), 19 Atl. Rep. 1048; 2 Jones on Liens, 1406.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The complainants having filed as a part of the bill a copy of the contract they made with Daniel Murphy, it was unnecessary that they should otherwise set forth in the petition the terms of the agreement under which the work was done.

Nor do we think the petition insufficient to base a decree upon, because the account annexed thereto appears to be against Daniel and Mary Murphy instead of against Daniel alone.

If a discrepancy exists between the body of the bill and an exhibit thereto, the exhibit controls. Field v. Brokaw, 40 Ill. App. 271.

The verified statement made and furnished to Daniel Murphy of the persons with whom he had dealt, in obtaining the materials and labor used in the construction of appellant's house, was in compliance with the act of June 16, 1887. The purpose of the statute was that an owner, before he paid the original contractor, might be informed as to the amount due or to become due to persons who might be entitled to liens upon the premises for work thereon done at the instance of the original contractor.

This purpose the statement given served. The statute did not, as is urged, require that the details of the contracts or arrangements with materialmen and workmen should be given.

Appellants made no objection to the statement; asked for no further information, permitting appellees to believe that so far as the knowledge given by this statement is concerned, it contained all the information desired.

Mrs. Murphy acted as her husband's agent in the construction of these premises, and it being undisputed that the statement reached him, the delivery of it to her was sufficient. The statement filed with the clerk of the Circuit Court, although reading as an account against Daniel Murphy and wife, was a sufficient compliance with the act of May 31, 1887.

It is to be borne in mind that in the present action the rights of no incumbrancer, creditor or purchaser are concerned.

This proceeding is only against the owner of the improved premises and his wife.

No secret lien is here sought to be enforced.

Each of the defendants knew all that was being done and the only questions here presented are as to the amount due from Daniel Murphy, and the right to security—a lien therefor upon the premises occupied and owned by the defendants.

It is quite evident that the appellant, Daniel Murphy, by his conduct, excused appellees from their original contract obligation to complete the work by the 25th day of October, 1889. As by the terms of the contract the work was to be done to the satisfaction of C. M. Palmer, architect, appellants had no right, without the consent of appellees, to place Mr. Palmer in a position where he no longer felt that he had power to act under the contract, and had not authority to issue certificates for the work as it progressed.

We see no sufficient reason for interfering with the decree of the Superior Court, and it is affirmed.