## Louis Smith v. John Slaughter.

1. SERVICE BY PUBLICATION—*when valid in action instituted before justice.* *Held,* that section 19 of the Justices and Constables Act, which requires that the return day of the summons shall be not more than fifteen days after the date of issuance, is repealed by implication insofar as it conflicts with the provision with respect to service by publication specifying when the first publication shall take place and providing for four weeks' publication, with a statement in the notice of the time of the return of the summons.

2. APPEAL—*what disposition of cause not essential to.* The formal disposition of the cause as to all the defendants is not essential to a valid appeal by the unsucessful plaintiff.

Action commenced before justice of the peace. Appeal from the County Court of Vermilion county; the Hon. ISAAC A. LOVE, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

R. ALLAN STEPHENS, for appellant.

JOHN H. LEWMAN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

By this action appellee Slaughter, a subcontractor, seeks to recover from appellant Smith, the owner, and Lee Rogers, the principal contractor, a personal judgment under section 28 of the "Mechanic's Lien Act" for labor performed by him in the construction of a building upon the premises of Smith. There is evidence tending to show that Rogers contracted with Smith to do certain cement work in the construction of such building; that he sublet the excavating to Slaughter; that Slaughter had partially completed the work when Rogers abandoned his contract; that Smith thereupon directed Slaughter to proceed with his work and promised to pay him therefor, and that he refused to do so. Slaughter thereupon brought suit against Smith before a justice of the peace, for the amount he claimed to be due him.

The abstract of the record so far as the proceedings before the justice of the peace is concerned, is so meager as to constitute but a skeleton index to the record. We are able, nevertheless, to infer therefrom that on August 8, 1906, Slaughter filed an affidavit that Rogers was a non-resident of this state, whereupon the justice of the peace ordered that thirty days' notice by publication be given and issued an alias summons returnable September 13th. Upon that day the alias summons was served upon Smith and "not found" as to Rogers as to whom due publication was then proved. Afterward upon the application of Smith a change of venue was taken to another justice before whom a trial was had which resulted in a judgment against Slaughter and in favor of Smith for costs. Slaughter then appealed from said judgment to the County Court, where a trial by jury resulted in a judgment in favor of Slaughter and against Smith for $65.27, that the liability of Smith to Rogers amounted to $130, and that the lien attached thereto on May 19th. Smith thereupon appealed to this court.

It is contended by appellant that inasmuch as the notice published recited that a summons had been issued August 8th, returnable September 12th, being more than fifteen days after the date of the summons, both the alias summons and the notice based thereon were void and that neither of the justices nor the County Court had jurisdiction.

Section 19 of the Justices and Constables Act provides that the summons "shall specify a certain day not less than five nor more than fifteen days from the date thereof, at which time and place the defendant is to appear."

Section 28, paragraph 42, of the Mechanic's Lien Act reads, in part, as follows: "If any moneys due the subcontractor be not paid within ten days after his notice is served * * * then such person * * * may sue the owner and contractor jointly for the

amount due him in any court having jurisdiction of the amount claimed to be due, and a personal judgment may be rendered therein, as in other cases * * *. All suits and actions by subcontractors shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court by process or publication, and in all courts including actions before a justice of the peace * * * such process may be served and publication made as to all persons, except the owners, as in suits in chancery.'' Rev. Stat. 1905, 1376.

The statute relative to service by publication in suits in chancery provides that publication of notice shall be made for four successive weeks, the first publication to be at least thirty days prior to the first day of the term of court, and further that the publication notice shall contain the time and place of the return of summons in the case. Rev. Stat. 1905, p. 1413.

So far as section 19 of the Justices and Constables Act thus conflicts with section 27, above quoted, it must be regarded as repealed by implication and hence inapplicable in suits under the latter section where service by publication is essential. If it were otherwise no judgments could be obtained in suits instituted before justices of the peace under the provisions of section 28 in cases of the present character and the statute would to this extent be inoperative and ineffective. The justice had jurisdiction of both Smith and Rogers, and no additional service or notice was essential upon the appeal to the County Court. The defendants were bound to follow the appeal. Ficklin v. Olmstead, 72 Ill. App. 334. Nor did the fact that the justice rendered no formal judgment as to Rogers affect the question of the jurisdiction of the latter court. The statute does not require a formal default and judgment to be entered in a justice's court or upon appeal therefrom. The judgment in favor of Smith alone was sufficient to determine the case and authorize an appeal by Slaughter.

We find no error in the rulings of the court upon the admissibility of evidence which would have affected the verdict. We are not called upon to pass upon the instructions for the reason that appellant has failed to incorporate in the abstract all of those offered. Chapman v. Chapman, 129 Ill. 386. The evidence was ample to justify both the verdict of the jury and the finding and judgment of the court.

The judgment will therefore be affirmed.

*Affirmed.*