## Sam Cohen et al., Defendants in Error, v. Abraham Bernstein et al., Plaintiffs in Error.

### Gen. No. 16,386.

1. MECHANIC'S LIENS—*who not necessary party to an action by a subcontractor.* A person who was a member of the firm of general contractors at the time the original contract was signed is not a necessary party to such an action where after the retirement of such person from said firm all parties treated the firm as thereafter constituted as the general contractors.

2. MECHANIC'S LIENS—*when statement of contractor in compliance with section 24 of act.* A statement furnished by the contractors to the owner if actually sworn to is not rendered insufficient by the absence of a jurat or certificate by the officer, who actually administered the oath.

It may be shown by evidence *aliunde* that the statement was in fact sworn to.

Mechanic's lien. Error to the Municipal Court of Chicago; the HON. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 25, 1912.

BLUM & BLUM, for plaintiffs in error.

HARRY M. FISHER, for defendants in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is a suit at law to enforce a mechanic's lien, commenced in the Municipal Court of Chicago by Sam Cohen and Jacob Cohen, subcontractors, defendants in error, against Abraham Bernstein and Henry Wolf, owners, and Harry Stone and Max Hanoch, original contractors. The trial court found for the defendants in error in the sum of $92.55, entered judgment on the finding against said owners and said contractors, and further adjudged that defendants in error have a lien for said sum upon certain real estate in Cook county.

The facts are substantially as follows: That in July, 1908, Stone, Hanoch and Barnet Luntz, co-partners in the general contracting business, entered into a written contract with said Bernstein and Wolf, owners, whereby they agreed for a certain price to do certain work in repairing a building on the premises in question; that they employed defendants in error, as subcontractors, to do the masonry work on said building for the sum of $340; that defendants in error completed this masonry work on October 7, 1908, at which time there remained due them under their subcontract the sum of $90; that on August 11, 1908, the partnership existing between the original contractors, Stone, Hanoch and Luntz, was dissolved, and Stone and Hanoch, with the knowledge and consent of the owners, Bernstein and Wolf, proceeded with the work under

the original contract; that subsequent to said date all payments by said owners to said original contractors were made by checks to the order of ''Stone and Hanoch;'' that the sum of $250 was paid by said owners, Bernstein and Wolf, directly to the defendants in error on account of said sub-contract; that on October 13, 1908, the architect, mentioned in the original contract as architect and as agent for said owners, issued a certificate to Stone and Hanoch for $490 which Bernstein and Wolf refused to pay because they claimed there was no money due and that the architect had erroneously issued the certificate, which claim the evidence does not substantiate; that on November 5, 1908, Stone and. Hanoch refused to proceed with the work then remaining uncompleted, and that the owners completed it on December 6, 1908; that no notice of a subcontractor's lien was at any time served on said owners by the defendants in error, but during the progress of the work the owners demanded of Stone and Hanoch, original contractors, a statement showing the names of all subcontractors and the amounts due them respectively, and in compliance with such demand Stone and Hanoch delivered to said owners such a statement, which was headed ''Stone & Hanoch, carpenters and general contractors, make the following statement,'' and in which appeared . the item ''Brick, Material and labor, $340, J. Cohn,'' and which was signed by both Stone and Hanoch, but there was no *jurat* thereon; that this statement was admitted in evidence over the objections of counsel for said owners; that a witness, by the name of Saboroff, testified that he was a notary public, that said Stone and Hanoch were by him sworn to said statement and that the *jurat* was, to the best of his recollection, contained on a separate instrument, which was not produced; that the said sum of $250, so paid by said owners to defendants in error was paid after the delivery of the said statement to the said owners; that one of said owners, Bernstein, testi-

fied that when he received said statement, it had no *jurat* attached; and that the said judgment of $92.55 is made up of the balance due defendants in error on their sub-contract of $90, and $2.55 interest thereon.

In urging a reversal of the judgment, counsel for said owners contend that the trial court had no jurisdiction to render any judgment because Barnet Luntz, a copartner of Stone and Hanoch at the time the original contract was signed, was a necessary party, and he was not made a party; that this is so for the reason that (a) section 28 of the Act of 1903 in relation to mechanic's liens provides that "All suits and actions by sub-contractors shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court," and that "all such judgments, when the lien is established, shall be against both jointly," and (b), while section 22 of said act has made provisions for the contractor, after the contract has been made, associating with him a partner or partners, in which case "the lien for materials or labor furnished by a sub-contractor to such contractor and his partner or associates, as originally agreed upon, shall continue the same as if the sub-contract had been made with all of said partners," no similar provision is provided by the statute where, at the time of signing the contract, the "contractor" is a partnership composed of several persons, who all sign said contract, and after said signing and during the progress of the work thereunder one of the partners leaves the firm and the work under said contract is continued by the remaining partners, and (c) that the mechanic's lien act, being in derogation of the common law, must be strictly construed.

We do not agree with counsel's contention. Shortly after the original contract was signed, the partnership between Stone, Hanoch and Luntz was dissolved, and Stone and Hanoch, *with the knowledge and consent* of the owners proceeded with the work under the con-

tract, and thereafter the owners treated Stone and Hanoch as the contractors, making all payments for work and materials furnished by checks payable to the order of "Stone and Hanoch," and demanded of them a contractor's statement. The architect, who was the agent of the owners, issued a certificate to Stone and Hanoch only. By all parties Stone and Hanoch were treated as the original contractors. Furthermore, the owners, after the receipt from Stone and Hanoch of the statement, showing the sum of $340 due "J. Cohn" for "brick, material and labor," paid directly to defendants in error the sum of $250 on account, thereby recognizing them as sub-contractors of Stone and Hanoch. And defendants in error complied with the statute, by joining as parties to this action the owners and the two persons, Stone and Hanoch, who were treated by all parties as the contractors. In our opinion, Luntz was not a necessary party. Putnam v. Ross, 55 Mo. 116.

Counsel for the owners also contend that the statement, which Stone and Hanoch delivered to the owners, was insufficient to dispense with the necessity of the service on the owners of a subcontractor's notice of lien by defendants in error, inasmuch as such statement was not a *sworn* statement, as required by section 24 of said mechanic's lien act.

Section 24 of said act requires substantially that a subcontractor, or party furnishing labor or materials, within 60 days after the completion of his contract, or 60 days after the completion of any extra work or furnishing extra materials, shall cause a written notice of his claim to be personally served on the owner or his agent, "*provided*, such notice shall not be necessary when the sworn statement of the contractor    *    *    * shall serve to give the owner notice of the amount due and to whom due." The evident purpose of this section of the statute is to give the owner, before he pays the original contractor, information as to the amounts

due or to become due persons who might be entitled to liens upon the premises for work or materials furnished at the instance of the contractor, and what sum of money he, the owner, should hold back from the contractor in order to satisfy the claims of all such persons. Murphy v. Harris, 57 Ill. App. 351. The statement given to the owners in this case by the contractors served that purpose. The owners received it without objection and evidently acted upon the information therein contained. The statement was signed by both Stone and Hanoch personally, but bore no *jurat* and did not appear on its face to be a "sworn" statement. It contained the names of thirteen firms or individuals who had been employed by the contractors to do work on, or furnish materials to, the premises, and the amounts due or to become due them respectively, and also disclosed the character of the work of each.

Among the items was "Brick, material and labor, $340, J. Cohn." After the receipt of the statement the owners paid to defendants in error the sum of $250 on account of this masonry work. The witness Saboroff, a notary public, testified that both of the signers of said statement, Stone and Hanoch, actually swore to the truth of the statement before him in his official capacity, and that fact was not controverted. We think the statement was sufficient. It was in fact a sworn statement, and the statute was complied with. The *jurat,* or certificate of an officer administering an oath, is not a necessary part of an affidavit. It may be shown by evidence *aliunde* that the statement was in fact sworn to. Cox v. Stern, 170 Ill. 442; Turner v. St. John, 8 N. Dak. 245.

For the reasons indicated the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*