Illinois Malleable Iron Company, Plaintiff in Error, v. D. G. Brennan and M. J. Dempsey, Defendants in Error.

### Gen. No. 16,773.

1. Mechanics' liens—*when subcontractor doing work under separate contracts can recover.* Where an owner and contractor enter into two distinct contracts for plumbing and heating material for a building and one of the contracts is completed before the other is begun, the heating material is extra or additional work mentioned in the Mechanic's Lien Act, and subcontractor furnishing both classes of material can recover under the Mechanic's Lien Act, § 28, against the owner and contractor if notice was given within sixty days of the last delivery of the heating material furnished under the second contract.

Malleable Iron Co. v. Brennan et al., 174 Ill. App. 38.

2. MECHANICS' LIENS—*when evidence shows single contract was made for two classes of material.* In an action by a subcontractor against an owner and contractor under the Mechanic's Lien Act, § 28, for plumbing and heating material furnished, testimony of the owner that he told the contractor to do some work on the building and that no price was fixed established that there were not two contracts with the contractor to furnish such material.

3. MUNICIPAL COURTS—*jurisdiction in mechanic's lien cause.* In an action at law, under the Mechanic's Lien Act, § 28, in the municipal court of Chicago, by a subcontractor, on a statement of claim that he was entitled to a judgment and lien against premises, the judgment contemplated is for money only, within the meaning of the Municipal Court Act, giving such court jurisdiction in fourth class civil cases for the recovery of money only.

4. MECHANICS' LIENS—*when personal judgment may be rendered against both owner and contractor.* Where in an action by a subcontractor, under the Mechanic's Lien Act, § 28, service by publication is had on the contractor and the owner is personally served by process, a personal judgment may be rendered against both defendants jointly.

5. MUNICIPAL COURTS—*when evidence of contractor called by a subcontractor is competent against owner.* Where a subcontractor, suing both a contractor and the owner in the municipal court of Chicago under the Mechanic's Lien Act, calls the contractor as a witness under section 33 of such act, the evidence is competent against both defendants, and that a notice to take the contractor's deposition did not specify how he was to be examined cannot affect the competency of the evidence.

Mechanic's lien. Error to the Municipal Court of Chicago; the HON. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversal with finding of facts. Opinion filed October 16, 1912.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

GEORGE E. GORMAN, for defendant in error, M. J. DEMPSEY.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

This suit in *assumpsit* was brought December 31, 1909, by Illinois Malleable Iron Company, plaintiff in error, against D. G. Brennan and M. J. Dempsey, as contractor and owner, respectively, under Section 28

of the Mechanic's Lien Act, to recover the sum of $362.48 for plumbing and heating material furnished the contractor for improving a building of the owner at 2550 Logan Boulevard, Chicago, and under a contract with said owner. Dempsey was personally served with process and in a jury trial contested the action. Brennan had moved to Sullivan, Mich., and was served by publication, but did not appear to resist judgment. The evidence did not disclose a single disputed fact submitted to the jury, except upon the question of whether or not Brennan had at different dates made two separate contracts with Dempsey, one for plumbing and the other for a heating plant for said premises.

The court overruled plaintiff in error's motion at the close of all the evidence to direct a verdict in its favor, and instructed the jury, in substance, that if they found from the evidence that Dempsey and Brennan entered into two distinct contracts for work and materials for the said premises, and if they also found from the evidence that one of said contracts was completed before the other was begun and that notice of plaintiff in error's claim for lien was served upon Dempsey more than sixty days after the last quantity of material was delivered for the first contract by plaintiff in error, that in such case the plaintiff in error could not recover for the materials delivered under the first contract. The jury returned a verdict for the defendants in error, and the court rendered a judgment thereon against plaintiff in error and for costs, in favor of Dempsey and Brennan, after overruling its motion for a new trial.

Plaintiff in error made proof of every material fact necessary to establish its right to a subcontractor's lien under the statute, and save only in the particular above named, its evidence is absolutely undisputed. We are unable to see how plaintiff in error's right to recover in this case can be defeated in any part, if it be conceded that the evidence does establish two sepa-

rate and distinct contracts, one for plumbing or the installation of bath and toilet and other such fixtures, and the other for the installation of a heating plant. Both jobs were done on the same building and for the same owner, and if the heating plant was the second job, it properly comes under the head of "extra or additional work and material," mentioned in the statute, and for which both the contractor and subcontractors are entitled to their liens the same as for the original work and materials contracted for. The two jobs are usually done by the same workmen, and are both done by plumbers regularly, and are known as plumbers' jobs. We can see no difference in principle in these contracts and two contracts by a carpenter, one to build a house complete except as to lathing and plastering, and a later contract to lath the building or do any other additional or extra carpenter work not contemplated in the original contract. We hold that in such case any subcontractor who had a contract with such contractor to furnish lumber for the building of the house, even though made before such additional work was contracted for, would have his lien for the lath, or additional material furnished, and for the lumber furnished in the original contract, even though his notice was served more than sixty days after the last item furnished under the original contract, provided the notice was served within sixty days of the last delivery of the additional material. The last date of delivery of the additional material or work is the day from which the sixty days is reckoned, and section 24 of the Mechanic's Lien Act so provides. It was error to give said instruction and the jury were thereby misled. Besides, it is against the preponderance of the evidence to find that there were two distinct contracts. Dempsey testified when first examined that he said to Brennan: "I have got some work to be done over on the house; go over and do it." He said no price was fixed and that nothing was said by him what it would cost or anything else.

He then testified that he paid Brennan for the plumbing $225 September 3, 1909, when that job was completed, and $375 for the heating plant when that was completed, October 11, 1909. Plaintiff in error delivered the material right along without notice of any claim that there were two contracts between defendants in error, and its contract was single and for material to be used for the building without any notice that the same was to be considered other than a single contract. Brennan's evidence supports Dempsey's first evidence that there was such a single contract for both jobs, and the only evidence contradictory to that idea was given by Dempsey on his final examination.

Defendant in error also insists that the Municipal Court was without jurisdiction to try this cause, because in plaintiff in error's statement of claim it claimed that it was "entitled to a judgment and a lien against said premises." The judgment contemplated under said Section 28 is for money only, but as a prerequisite to such a judgment against the owner a plaintiff must show that he is entitled to a lien on the premises. The fact that he is entitled to a lien is one of the ultimate facts to be proved and should be recited in the judgment. No mechanics' lien can be enforced by this section or by a judgment thereunder, and therefore the judgment is for money only within the meaning of the Municipal Court Act, which provides that said court shall have jurisdiction in fourth class cases, "which shall include all civil actions, quasi-criminal actions excepted, for the recovery of money only when the amount claimed by the plaintiff, exclusive of costs, does not exceed one thousand dollars."

It is also insisted by defendant in error that no satisfactory proof of the delivery of the material for use in Dempsey's premises were made. The proof is ample and positive by Brennan and others that the material was not only delivered to Brennan on the premises, but was accepted by him, and that it was

all used by him in his work on the building.    There
is no evidence in the record to the contrary.

Upon the claim that plaintiff in error failed to join
all necessary parties as defendants, we must hold that
the contention is not supported by the record.    The
evidence positively shows that there were no other con-
tractors or subcontractors except Brennan and plain-
tiff in error, and the record discloses no other parties
with mortgage liens, even if it be conceded that they
should have joined as defendants, if there were such
mortgage lienors.    Service by publication was had on
Brennan as provided by said Section 28 of the Mechan-
ic's Lien Act.    The court, therefore, had jurisdiction
of his person and could render a personal judgment
against him and Dempsey jointly, as Dempsey was per-
sonally served by process.    Smith v. Slaughter, 138
Ill. App. 46.

The court also erred in holding that the evidence
of Brennan, on his cross-examination by plaintiff in
error, was competent only as against Brennan.    By
Section 33 of the Municipal Court Act it is expressly
provided that upon the hearing of any suit in the Mu-
nicipal Court any party thereto may be examined upon
the trial as if under cross-examination at the instance
of the adverse party but the party calling him for
examination shall not be concluded thereby, but may
rebut the testimony thus given by counter testimony.
This section is copied from the Minnesota   Code,
and the decisions of the courts of that state thereon
are very high authority in considering that section.
In re Brown, 38 Minn. 112, the court said:

"The object of the statute is to authorize an ad-
versary to be examined, unprotected by the well-
known rules of evidence.    The effect is to compel him
to undergo examination as well as cross-examination
at the hands of the opposition if it so desires.    It fol-
lows that any question which could properly have
been asked the witness, were he undergoing the ordi-
nary cross-examination, was legitimate."

It hardly seems necessary to add that any evidence so obtained is as legitimate and competent as any other evidence to establish any fact in the case necessary to be proved, not only as against the witness, but any other party in the cause, if the evidence was not inadmissible for some other reason than the mere fact that he was being cross-examined or examined by the use of leading questions. The fact that the notice to take his deposition did not specify how he was to be examined could not affect the competency of his evidence against any other party. Plaintiff in error was not bound to disclose in his notice what the form or nature of the examination would be.

The legitimate evidence in this record made a complete case against both defendants in the court below, and as it was not at all controverted, the court erred in refusing to direct a verdict for the plaintiff in error. The judgment of the court will, therefore, be reversed. Judgment will be and is entered in this court for the plaintiff in error and against defendants in error for the amount of its claim, $362.48, and for all costs in this and the lower court.

We also find as ultimate facts to be incorporated in the judgment here the following, to wit: That about the first day of August, 1909, defendant in error and Brennan entered into a contract, partly expressed and partly implied, whereby Brennan, for the sum of $600, was to install a plumbing system and a heating plant on the premises in question owned by Dempsey; that about August 11, 1909, Brennan contracted with plaintiff in error to furnish him all the materials necessary to do said work on said premises without specifying prices therefor; that plaintiff in error delivered all of said material in question, making the first delivery thereof August 11, 1909, and the last delivery thereof September 30, 1909, and that all of the materials in question were accepted and used by Brennan in his work on Dempsey's said building; that none of such material has been paid for by defendants in error or

either of them, and that the usual and customary and reasonable value thereof is the sum of $362.48; that on November 24, 1909, plaintiff in error served personally a written notice of its claim for lien upon Dempsey, signed by it, stating that it had been employed by Brennan to furnish boilers, radiators, pipes, metal fittings, etc., under his contract with Dempsey for the construction on said premises of said improvements, describing the premises, and that there was due it for said materials on October 1, 1909, said sum of $362.48; that Dempsey paid the full and final amount of the contract price for Brennan's work on said premises on the day he completed said work, to wit, October 11, 1909, without requiring Brennan to file sworn statements as to subcontractor's claims, as provided in Section 5 of the Mechanic's Lien Act of Illinois; that there were no other contractors or subcontractors employed on said building except said Brennan and plaintiff in error; and that plaintiff in error has established his right to a lien on said premises for said sum, and that its said lien attached as of date August 11, 1909.

*Judgment reversed with finding of facts.*