Boothman v. Wulfing et al., 194 Ill. App. 289.

## C. R. Boothman, Defendant in Error, v. H. E. Wulfing, William L. and Louis T. Coxe, trading as Coxe Brothers, Defendants. H. E. Wulfing, Plaintiff in Error.

## Gen. No. 19,417.

1. MUNICIPAL COURT OF CHICAGO, § 8*—*when has jurisdiction of proceeding under Lien Act.* The Municipal Court of the city of Chicago has jurisdiction to enter a personal judgment against a resident contractor in an action brought in such court as a fourth-class case against the resident owner of a building and such contractor for a mechanic's lien for work and labor performed pursuant to the Mechanics' Liens Act, sec. 28 (J. & A. ¶ 7166), where due notice is given to the owner of the amount due and service is made upon him by summons, although such contractor is served by publication and mailing only, as provided by the Chancery Act, upon a summons being returned "not found," and does not enter his appearance and there is no evidence showing that such contractor is not in fact a resident of the city of Chicago.

2. MUNICIPAL COURT OF CHICAGO, § 8*—*when defendant presumed to be a resident of city.* A party defendant to an action in the Municipal Court of the city of Chicago, for a mechanic's lien will be deemed to be a resident of the city of Chicago for the purpose of entering a personal judgment against him, although he is served by publication and mailing only, where the affidavit upon which the publication notice is based does not state that he is a non-resident, but that upon due inquiry, he cannot be found so that service of process can be served upon him, and that upon due inquiry, his present place of residence cannot be ascertained, but his last known place of residence was a certain street and number in such city, and there was no showing that he was not in fact a resident of such city.

3. APPEAL AND ERROR, § 1214*—*when codefendant cannot assign error.* A party defendant to an action for a mechanic's lien, who is the owner of the property involved in the suit, cannot assign error as to the manner in which his codefendant, the contractor, is served with process, where, although judgment is rendered by default against such contractor upon service by publication and mailing, he enters his appearance to the writ of error and urges no objection to the jurisdiction of the court, and such party de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant does not attempt to show that the claim sued upon is an unjust one or that any step necessary to charge the owner with statutory liability has been omitted.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

GUSTAV E. BEERLY, for plaintiff in error; LEWIS RIN-AKER, of counsel.

EARL J. WALKER, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The plaintiff, C. R. Boothman, was employed by Coxe Brothers, contractors, as a foreman of brick-layers, and in pursuance of his employment, performed work and labor upon a building which Coxe Brothers were constructing for the defendant, H. E. Wulfing. The contractors having failed to pay him in full for his work, Boothman served a notice to that effect upon the owner, Wulfing, as provided by section 24 of the Mechanics' Liens Act (J. & A. ¶ 7162), and after the lapse of ten days brought suit in the Municipal Court against the owner and contractors jointly. The owner was personally served with summons, but as to Coxe Brothers the summons was returned "not found." Notice by publication and mailing was then given to Coxe Brothers in the manner provided by the Chancery Act. At the expiration of forty days after the first publication, a default was taken against Coxe Brothers, and after a trial in which the owner partic-ipated, the court found the issues in favor of the plain-tiff and entered a judgment against all the defendants for $108. The judgment recites that the plaintiff is entitled to a lien upon the building of the defendant Wulfing, and gives the date from which the lien at-tached. This writ of error was thereupon sued out by

the defendant, Wulfing. He contends that the Municipal Court was without jurisdiction to enter any judgment against Coxe Brothers upon a service by publication, and that being void as to them, the judgment is void *in toto.*

Section 28 of the Mechanics' Liens Act (J. & A. ¶ 7166) provides that if any money due to a laborer be not paid within ten days after service of notice upon the owner, such laborer may sue the owner and the contractor jointly for the amount due him from the contractor, ''in any court having jurisdiction of the amount claimed to be due;'' that all such suits ''shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court by process *or publication,* and in all courts, including actions before a justice of the peace and police magistrates, such process may be served *and publication made* as to all persons, except the owners, as in suits in chancery.''

It is not denied that due service of notice of the amount due to the plaintiff was given to the owner as provided by the Mechanics' Liens Act, nor is it denied that the notice given to Coxe Brothers by publication and mailing was in accordance with the provisions of the Chancery Act. The position taken by counsel for the defendant Wulfing may be stated as follows: That this suit was brought in the Municipal Court as a fourth-class case; that the jurisdiction, practice and procedure of that court are governed solely by the provisions of the Municipal Court Act; and that there is no provision in that act authorizing that court to enter a judgment against any defendant in a fourth-class case, unless such defendant enters his appearance therein, or is personally served with process.

The Municipal Court Act makes no express mention of suits brought to enforce the statutory liability created by section 28 of the Mechanics' Liens Act (J. &

A. ¶ 7166). Section 2 of the Municipal Court Act (J. & A. ¶ 3314), however, gives that court jurisdiction, under the designation of "cases of the fourth class" of "all civil actions, *quasi* criminal actions excepted, for the recovery of money only, when the amount claimed by the plaintiff, exclusive of costs, does not exceed one thousand dollars," and also of "all actions and proceedings of which justices of the peace are now given jurisdiction by law and which are not otherwise provided for in this act, in which class of actions and proceedings the Municipal Court shall have jurisdiction where the amount sought to be recovered does not exceed one thousand dollars ($1,000)."

In *Smith v. Slaughter,* 138 Ill. App. 46, the Appellate Court of the Second District held that a justice of the peace has jurisdiction of suits like the present suit, and sustained a joint recovery against an owner, who was personally served with process, and a contractor, who was served only by publication.

In *Illinois Malleable Iron Co. v. Brennan,* 174 Ill. App. 38, it was held by "Branch C" of the Appellate Court of this district that the Municipal Court has jurisdiction of such actions, as fourth-class cases "for the recovery of money only," and sustained a judgment against an owner and contractor jointly, although the contractor was served only by publication.

Section 42 of the Municipal Court Act (J. & A. ¶ 3354) provides that every summons in a fourth-class case shall be served by reading and delivering a copy to the defendant; but section 29 (J. & A. ¶ 3341) provides that "if, in any case where there is more than one defendant, process is duly served upon one or more defendants and returned not served as to another defendant or other defendants, the suit shall proceed as in like cases in the circuit court." The procedure followed in this case was the same that is provided by statute for "like cases in the circuit court;" and this

being true, we can see no reason to doubt that the Municipal Court thereby acquired as full jurisdiction over the persons of the contractors as the Circuit Court would have acquired under like circumstances.

It is urged, however, that no court has jurisdiction to enter a *personal* judgment against a nonresident defendant who does not enter his appearance and who is served only by the publication and mailing of a notice to him. This is true, but there is nothing in this record to show that Coxe Brothers were not residents of the city of Chicago at the time of the service upon them by publication. The affidavit upon which the publication notice was based does not say that they are nonresidents, but says that upon due inquiry, they "cannot be found, so that process cannot be served upon them," and that upon due inquiry "their present place of residence cannot be ascertained," but their "last known place of residence" was a certain street and number in Chicago, Illinois. This language conveys the idea of concealment within the city, rather than residence outside of it. All the facts and circumstances shown by the record indicate that Coxe Brothers were, in fact, residents of the city of Chicago at the time of the attempted service of process upon them, and there is no showing to the contrary. We think, therefore, the court had jurisdiction to enter a personal judgment against them. *Nelson v. Chicago, B & Q. R. Co.,* 225 Ill. 197.

Furthermore, there is another view of the matter which leads to the same result. Coxe Brothers have entered their appearance to this writ of error, and they are not urging any objection to the jurisdiction of the Municipal Court over them. That court undoubtedly had jurisdiction of the person of the plaintiff in error, and we think the rule so often declared in this State, that one party cannot assign error as to the manner in which his codefendant was served with pro-

cess, is applicable here. The plaintiff in error did not show, or attempt to show, that the claim of Boothman against Coxe Brothers was not a just claim, nor that any step necessary to charge the owner with the statutory liability therefor had been omitted. It is, therefore, a matter of no consequence whatever to plaintiff in error that jurisdiction over the persons of the Coxe Brothers was acquired by a substituted, instead of a personal, service of process upon them.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*