## Isidore Weil and Benjamin Weil, trading as Weil Brothers, Appellants, v. Louis Bomash et al., Appellees.

### Gen. No. 29,585.

1. MECHANICS' LIENS—*computation of time for service of subcontractor's lien notice.* Where the first delivery of material to the premises in question was on March 5 and the last on July 13, of the same year, and the material was ordered and delivered pursuant to frequent specific orders, and 14 days after the last delivery the owner of a 99-year lease of premises was served with a subcontractor's lien notice, the purchases were properly treated as a single transaction and not as distinct and separate contracts, and the 60 days to be computed under the statute for the service of the notice began after the delivery of the last order.

2. MECHANICS' LIENS—*sufficiency of description of premises in subcontractor's lien notice.* The description in a subcontractor's lien notice of the premises in question as the "Theatre Building, N. E. Cor. Halsted and Harrison Sts." was held sufficient both as to description and identification of the property, considering the giving of the legal description in the bill and the admission in the answer of the ownership of the 99-year lease of the premises in question, and what the evidence showed.

3. MECHANICS' LIENS—*when separate subcontractor not required to serve separate lien notice for each order of material.* The fact that on twenty-one different occasions the contractor telephoned the subcontractor for material was no reason whatever, having the function and purpose of the Mechanic's Lien Act in mind, to hold that in order for the subcontractor to protect himself he must serve a special notice under section 24, Cahill's St. ch. 82, ¶ 24, for each one of such orders.

Appeal by plaintiffs from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Reversed and remanded with directions. Opinion filed June 17, 1925.

FRISCH & FRISCH, for appellants; DOUGLAS C. GREGG, of counsel.

JOSEPH ROSENBERG, for appellees; BENJAMIN ROSENBERG, of counsel.

Mr. Justice Taylor delivered the opinion of the court.

The defendant, Louis Bomash, who was the owner of a 99-year lease of the premises known as numbers 766-772 West Harrison street, which were improved with a 3-story and basement building, the ground floor being occupied by stores, and the second and third stories being used as a hotel, contracted with Lewis and Levy, plumbing contractors, to have them furnish certain materials necessary in making some alterations and improvements in the building. For that purpose, Lewis and Levy purchased some materials from the complainants, Weil Brothers. On July 27, 1917, the latter served a subcontractor's lien on the defendant, Bomash, and on November 15, 1917, filed a bill of complaint in the superior court, claiming a subcontractor's lien in the sum of $864.17.

The defendant answered and admitted the lease and the contract between himself and Lewis and Levy, but denied any knowledge of a contract between Lewis and Levy and the plaintiff, or of the delivery of the materials by the plaintiff upon the order of Lewis and Levy. He denies that the payments for material were due and payable on the 15th of the month following delivery; denies that the notice of claim for lien was served in accordance with the statute; denies that the notice complied with the statute; denies that there is any money in his hands due or unpaid to Lewis and Levy, and denies that the complainant is entitled to the sum claimed.

There was a reference to a master in chancery, who reported recommending that a lien be allowed in the sum of $864.17, with interest at 5 per cent from August 15, 1917, making in all $960.17. Objections to his report were overruled. The objections were ordered to stand as exceptions, and upon a hearing before the court they were sustained and a decree entered dismissing the bill of complaint for want of equity. This appeal is therefrom.

The matters involved here are whether the notice served by the complainant on the defendant under section 24 of the Mechanics' Lien Law [Cahill's St. ch. 82, ¶ 24] is sufficient, and the bill of complaint seasonably filed.

The bill alleges that Lewis & Levy, plumbing contractors, entered into a contract with the defendant, Bomash, to furnish certain labor and material in connection with the reconstruction and alteration of certain buildings and improvements upon certain real estate in Chicago, County of Cook, and State of Illinois, described as Lots 22, 23 and 24 in the Subdivision of Block 6, School Section Addition to Chicago, 16, 39, 14, "located at the northeast corner of Harrison and Halsted streets in the City of Chicago."

The answer of the defendant, Bomash—the other defendants not being involved—admits that he entered into a contract with Lewis & Levy "for certain plumbing to be erected and installed upon the premises described in the bill of complaint." There is no dispute but that on or about February 6, 1917, Lewis & Levy entered into a contract with the defendant, Bomash, to furnish the labor and material for the plumbing in connection with the reconstruction and alteration of the building located on the premises in question. That contract provided that the defendant would pay to Lewis and Levy for such material and labor the sum of $1,000; $400 worth of "rough work" and the balance within fifteen days after the completion of the entire work.

While that work was being done on the premises in question by Lewis & Levy, they, from time to time, ordered and purchased from the complainant certain fixtures and other material for use on the premises in question. The evidence shows that it was the purpose of Lewis & Levy to ascertain from their employees at the close of each day what material would be required for the next day's work, and then order such materials from the complainant by telephone.

The first delivery of the material to the premises in question by the complainant was on March 5, 1917; the last, on July 13, 1917. From time to time, as material was delivered by the complainant on the orders of Lewis & Levy, the bills were sent to Lewis & Levy for such material. The record shows twenty-one bills, the first dated March 3, 1917, for $20.97, and the last, July 13, 1917, for $2.54, totaling in all $864.17.

No dispute arises as to the reasonable market price charged, nor as to the delivery of the material to the premises. Each of the bills, or statements, sent by the complainant contains at the top the complainant's address, the date, the statement that the property was sold to Lewis & Levy; that it was to be delivered to 766-772 West Harrison street, and the printed words, "Terms—All bills due 15th of month following purchase." On July 27, 1917, fourteen days after the delivery of the last order for materials, the complainant caused to be served on the defendant, Bomash, a subcontractor's notice of a claim for a mechanic's lien; that notice was signed by the complainant dated July 27, 1917, and addressed to the defendant at 105 W. Monroe street. It was in these words:

"You Are Hereby Notified, that we have been employed by Israel Lewis and Jacob Levy, co-partners as Lewis & Levy to furnish material, plumbing material, pipes, nipples, bolts, etc., under their contract with you on your property described as follows: Theatre Building, N. E. Cor. Halsted & Harrison Sts., and that there was due us on the 13th day of July, 1917, therefor the sum of Eight Hundred Ninety-five 06/100 Dollars, and that I shall hold the buildings and your interest in the grounds, liable for the amount that is due on account thereof."

On the face of that evidence, it is claimed for the defendant that each of the deliveries of material constituted a distinct and separate contract, and that the subcontractor's notice was not good as to all the orders upon which the deliveries were completed more

than 60 days prior to the date of the service of the notice. The master found that under the Mechanics' Lien Act the purchases in question should be treated as a single transaction, or a running account; and that as the notices were served within 60 days after the final delivery was made, such service was within the time required by the act.

Section 24 of the Mechanics' Lien Law [Cahill's St. ch. 82, ¶ 24] provides that: "Subcontractors, or party furnishing labor or materials, may at any time after making his contract with the contractor, and shall within sixty (60) days after completion thereof, or, if extra or additional work or material is delivered thereafter, within sixty (60) days after the date of completion of such extra or additional work, or final delivery of such extra or additional material, cause a written notice of his claim, and the amount due or to become due thereunder, to be personally served on the owner * * *." That section also provides that: "The form of such notice may be as follows: 'You are hereby notified that I have been employed by (the name of contractor) to (state here what was the contract or what was done, or to be done, or what the claim is for) under his contract with you, on your property at (here give a substantial description of the property) and that there was due to me, or is to become due (as the case may be) therefor, the sum of ......dollars.' "

We agree with the master in his conclusion that the notice was sufficient, both as to description and identification of the property in the notice, and also that the purchases in question should be treated as a single transaction as a running account, and that the 60 days to be computed under the statute began after the delivery of the last order on July 13, 1917. Considering the description of the premises in question as set forth in the bill of complaint, and the admission of the defendant in his answer and what the evidence shows, there could be no doubt of the fact that the defendant

was properly and sufficiently notified by the notice of July 27 of the claim of the complainant under the statute. As to the claim that each item constituted a separate and distinct contract, in *Cohen v. Bernstein,* 170 Ill. App. 113, the court said: "The evident purpose of this section (section 24) of the statute is to give the owner, before he pays the original contractor, information as to the amounts due or to become due persons who might be entitled to liens upon the premises for work or materials furnished at the instance of the contractor, and what sum of money he, the owner, should hold back from the contractor in order to satisfy the claims of all such persons." Citing *Murphy v. Harris,* 57 Ill. App. 351. The fact that on twenty-one different occasions, while the work was in progress, the original contractor telephones to the subcontractor for material is no reason whatever, having in mind the function and purpose of the Mechanics' Lien Act, to hold that in order for the subcontractor to protect himself he must serve a special notice under section 24 for each one of those twenty-one orders. That would be a *reductio ad absurdum. Illinois Malleable Iron Co. v. Brennan,* 174 Ill. App. 38.

In our judgment, the complainant was entitled to a mechanic's lien as recommended by the master.

The decree, therefore, will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and THOMSON, J., concur.