Sol Rubin, Appellant, v. Chicago Title & Trust Company, Appellee.

Gen. No. 32,550.

Opinion filed June 20, 1928.

CLARK & CLARK and EDWARD M. KEATING, for appellant; RUSSELL S. CLARK, of counsel.

SHERMAN C. SPITZER and CHARLES F. GRIMES, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The complainant, Sol Rubin, filed his bill in the superior court of Cook county in chancery, charging that a certain original proceeding had been started in the circuit court of Cook county by the Douglas Lum-

ber Company, to foreclose a mechanic's lien and that several persons were made parties defendant to that bill and that certain cross-bills were filed therein; that a decree was entered finding that there was due certain lienholders the sum of $18,853.87; charges that said property was sold under said proceedings to satisfy certain trust deeds and liens and that after said sale the said property was redeemed by the Chicago Title & Trust Company, defendant herein, and that there was paid, as a result of said redemption, approximately the sum of $85,000 which was not sufficient to satisfy the claims; charges that the Chicago Title & Trust Company was the assignee of the owners of the equity and, therefore, entitled to make the redemption, but that after said sum of $85,000 had been applied by the chancellor in the circuit court, there remained $19,000 due to certain lienholders; charges that the said complainant is the assignee of the claims remaining unsatisfied and asking that the Chicago Title & Trust Company, as the assignee of the owner of the equity of redemption, be required to pay the sum of $18,853.87, the amount of the liens unpaid under the circuit court proceedings and that in the event of the failure of the said defendant so to do, that the premises be sold to satisfy said claims in this proceeding in the superior court.

A demurrer was sustained to this bill by the chancellor of the superior court and an amended bill of complaint was filed, setting forth the facts practically as already contained in the original bill with an additional averment, however, that the Chicago Title & Trust Company, as assignee of the equity of redemption, redeemed said property for and on behalf of the original owners thereof, and charging that the assignee became by law liable to pay the unpaid liens found to be due in the suit pending in the superior court.

Attached to the amended bill of complaint and marked as exhibits, are a copy of the bill filed in the circuit court, a copy of the mechanic's lien filed on behalf of the Douglas Lumber Company, a copy of a notice and claim for lien filed by the Douglas Lumber Company, an affidavit to the effect that certain unknown owners cannot be found, an affidavit to the effect that the places of residence of certain persons are unknown and asking that they be made parties defendant as unknown owners. All other documents in said circuit court proceeding, including the decree therein entered, are by reference made a part of the amended bill, but are not set up *in haec verba,* nor is there contained in said amended bill any extended description of said documents. A general and special demurrer to this amended bill was filed in the superior court and sustained and the bill dismissed for want of equity.

Writings or documents made a part of written agreement, by reference, may become incorporated and made a part of such agreement. Written documents and writings made part of a bill of complaint, however, are subject to the rules of pleading and the reference to such documents or writings has no effect other than to call their attention to counsel and the court for the purpose of making them admissible as evidence in the case upon the trial of the proceeding after proper proof of their authenticity. The allegation that they are made part of the bill, by reference, carries no weight upon demurrer as the court is not compelled to examine records for the purpose of consideration upon the hearing upon the demurrer. The Supreme Court of this State in the case of *Jocelyn v. White,* 201 Ill. 16, in its opinion says:

"From the above quotations we understand the rule to be, that if the complainant in the bill relies upon a written instrument, and has so described the instrument as to identify it, and then by apt words

specifically refers to the instrument, he may, if demurrer be not interposed, upon the trial of the cause have the benefit of the instrument and all its provisions, but that if the bill, on its face and in apt terms, does not contain all the allegations necessary to show him to be entitled to the relief prayed, the bill will be obnoxious to demurrer, but if the bill be not demurred to, but be answered or default made, and the instrument so referred to, when offered in evidence, shows the right of the plaintiff to his relief, then in such case the bill will be sufficient to support the decree.''

Counsel has sought to supply this failure to set out the instrument *in haec verba,* or attach same as an exhibit, by setting out in full the decree and various other necessary documents in their brief, but this court finds no such documents in the record and has no means of knowing the truth or correctness of said instruments and has no legal justification to consider them as properly in the cause. The only allegation in the amended bill, bearing on the question as to whether or not the Chicago Title & Trust Company redeemed said property on behalf of the original owners, is a mere conclusion of the pleader. The bill contains not a single circumstance upon which the court could predicate an opinion that such was the fact. The original bill contains no such allegation, but, on the other hand, directly charged that the Chicago Title & Trust Company became the legal holder and owner of the master's certificate of sale and obtained the legal title to said property. Courts do not look with favor upon amendments to bills that are clearly in conflict with the allegation set out in proceeding pleadings. If the property was in fact the property of the original owner of the equity and not of the Chicago Title & Trust Company, the proper remedy would have been a creditor's bill to disclose

that fact and subject the property to a satisfaction of claimants' liens.

The ground for reversal in this case, as set forth in the amended bill, seems to be based upon the fact that where, as a matter of law, the assignee of the equity of redemption redeems property sold under a foreclosure sale, such assignee is liable for any unpaid balances not satisfied by the sale and, in the event of the assignee's failure to pay said claims, the property may be subjected to a further sale. We do not understand this to be the law. Only such persons who redeem who were primarily liable for the indebtedness, become liable for the balance due, if any, on a foreclosure and then only in the event that a deficiency decree is found against such person primarily liable. The general rule seems to be that the foreclosure clears the property of all claims and the individual primarily liable is so only because of his common-law liability. The creditors may reach any asset belonging to him, subject to execution, and this would necessarily include the property after his redemption of same from the sale.

The Supreme Court of this State in the case of *Ogle v. Koerner,* 140 Ill. 170, in its opinion says:

"A mortgage, or as in this case, a deed of trust in the nature of a mortgage, vests in the party secured a lien upon the mortgaged premises. By virtue of that lien the mortgagee is entitled to have the mortgaged property sold under a decree of foreclosure and the proceeds of the sale applied to the payment of the debt secured. This is the mode provided by law for the enforcement of the lien, and when the lien has been once enforced by the sale of the property, it has, as to such property, expended its force and accomplished its purpose, and the property is no longer subject to it.

"When the redemption is made by a party primarily liable on the mortgage debt, it may be that the same

property may be resorted to again for the purpose of subjecting it to the payment of an unpaid balance due on the mortgage, but that is not because of any right to enforce the mortgage lien against the same property a second time, but because of the rule of law which subjects all the property of a debtor to the payment of his debts until they are satisfied in full. But where the redemption is made by a party not liable upon the mortgage debt, the mortgage lien having been exhausted, the property cannot be subjected a second time to the satisfaction of the same lien. The party redeeming does so for his own benefit, and the holders of the senior mortgage having, by the sale, become entire strangers to the property, are in no position to derive any advantage from the redemption. The sale having been made at public auction, and in the manner prescribed by the statute, the presumption, as between the senior and junior incumbrancers, is a conclusive one, that the property has produced its entire value, and that value having been once applied to the senior mortgage, the lien has accomplished its full purpose and is thereafter *functus officio.*"

To the same effect is *Easter v. Holcomb,* 221 Ill. App. 485, where the court in its opinion says:

"Section 21 of said chapter (J. & A. Par. 6767) provides the method of making successive redemptions by judgment creditors, and section 22 (J. & A. Par. 6768) provides for the preference and seniority in making such redemptions. It will therefore be observed from the reading of the statute that after the first sale on an execution the only person entitled to redeem within one year is the judgment debtor, or his assignees or grantees or someone claiming by, through or under them. In other words, there is no provision of the statute allowing a levy and sale of the debtor's equity of redemption prior to the expiration of one year from the date of sale. From this we draw the

conclusion that at any time prior to one year from the date of sale under an execution, the judgment debtor can convey his equity of redemption free and clear of any judgment liens. If the grantee or assignee of the equity of redemption sees fit within one year to redeem from the sale he has the right to do so, and, having done so, could sell the premises free and clear of any balance that might remain unpaid on the judgment on which execution was issued.''

To the same effect is *Lightcap v. Bradley,* 186 Ill. 510; *Strause v. Dutch,* 250 Ill. 326.

There does not appear to have been any personal service on the defendant Vonderheide, and the record is somewhat confused as to whether or not he, or certain others, were liable under a charge in the bill that the decree was ordered entered against certain of the defendants in the circuit court in favor of the cross-complainants. A personal decree should not be entered unless there is such service as the law recognizes as legal service for the purpose of a personal judgment. Counsel for the defendant insists that such service as there was in the circuit court proceeding, being by publication, did not authorize a personal judgment, and cites the case of *Northern Trust Co. v. Sanford,* 308 Ill. 381. Counsel for complainant in turn cite the case of *Malleable Iron Co. v. Brennan,* 174 Ill. App. 38. This latter case is referred to in the case of *Boothman v. Wulfing,* 194 Ill. App. 289, but while they hold in the latter case that service of such a character was sufficient, the court recognizes the fact that there cannot be a personal judgment against the defendant by serving by publication and mailing of a notice. The court in the *Boothman* case, *supra,* however, distinguished *Malleable Iron Co. v. Brennan, supra,* and recognized a personal judgment on the ground that the affidavit contained language from which there might arise a presumption that the defendant was not a non-

resident, but living somewhere, residence unknown, within the city of Chicago, and, furthermore, that the defendants had entered their appearance in the writ of error proceeding in said cause and were not urging any objection to the jurisdiction of the municipal court where the orginial judgment was entered.

We are impressed with the holding in the case of *Northern Trust Co. v. Sanford,* 308 Ill. 381, to the effect that the complainant in the foreclosure suit cannot legally have a personal judgment entered against a defendant for any sum, where the defendant has not been personally served with process.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

*Affirmed.*

Holdom, P. J., and Taylor, J., concur.